HIRAM K. WHEELER, Plaintiff in Error,

*vs.*

OTIS B. SCOTT, Defendant in Error.

ERROR TO THE COLUMBIA COUNTY COURT.

The return of the clerk to a writ of error must show a final judgment, or the writ of error will be dismissed.

The record returned by the clerk with the writ of error should be in due and legal form, showing the proceedings as they were had, and the action of the court, and not the mere memorandums or minutes of the clerk.

The mere memorandum of the clerk that "judgment was rendered in favor of the plaintiff for and costs," is not the record of a final judgment; it is the mere saying of the clerk, not the consideration of the court.

This was an action of trover, originally commenced by the defendant in error, before a justice of the peace, against the plaintiff in error, by warrant issued upon the following affidavit:

"*Columbia County, Town of Leeds, State of Wisconsin.*

"Otis B. Scott deposeth and says, that Hiram K. Wheeler did on the 28th day of February, A. D. 1853, sell the said Scott a yoke of red oxen with white faces, four years old this spring, also a yoke, staple and ring and bows, and a black and white cow three years old this spring, for which the said Scott was to pay Wheeler three hundred bushels of oats, and five bushels of barley, all valued at $75, and the said Wheeler has received 89 bushels of oats in payment for the cattle, and now refuses to take any more of the grain, or to pay for what he has got, and also refuses to deliver up the cattle.      "O. B. SCOTT.

"Subscribed and sworn," &c.

The defendant in error obtained judgment before the justice, from which the plaintiff in error appealed.

The further facts in the case considered by the court, will appear in the opinion.

*Hand & Ketchum*, for the plaintiff in error.

*Dixon & Prentiss*, for the defendant in error.

*By the Court*, SMITH, J. We think it is our duty to dismiss this writ of error. We must insist that the records of the County and Circuit Courts shall conform in some degree to established precedents. This record, or, to speak more appropriately, this mass of papers affixed the one to the other, with the view that, together, they should pass for a record, is such a departure from the prescribed forms, that to countenance it would be, to give license to irregularities of the wildest kind. The clerks of the County Court are also clerks of the Circuit Court, and their exemplifications should be as regular from the one as from the other. Though the clerks of these courts may not have been professionally educated, yet it is the duty of the attorneys to see that proper entries are made and correct transcripts sent up.

Should we disregard all irregularities, and admit such papers as records, the result would be, that indulgence would seem to justify license, and all precision would be sacrificed and lost.

There appears in this record, no judgment. There is no order of the court that the one party or the other recover. One entry gives the following information, after entitling the cause: "Judgment rendered for the plaintiff in the above entitled suit at the above named term, by the court, for the sum of sev-

enty-eight 37-100 dollars damages and his costs against the said defendant, and Warren Gilbert, his surety on motion."

DIXON & PRENTISS, *Attorneys for Plaintiff.*

This is no judgment of the court. It is uncertain as to what idea is intended to be conveyed, but a fair presumption would be, that Messrs. Dixon & Prentiss on that day filed a written motion for judgment, and that the court may have awarded it. But there is no evidence of the fact. No action of the court is recorded. The clerk merely *tells* us that judgment was rendered, but he has not recorded any judgment, or proceeding of the court as such.

In a subsequent place is the following, after the entitling of the cause: "Third day of the term, cause submitted and tried by the court. Judgment for plaintiff for seventy-eight dollars, thirty cents. November 9th, 1853."

Immediately afterwards, after entitling the cause, is the following: "November 10. On motion of plaintiff's attorneys, judgment rendered against sureties in the appeal bond, with costs."

A. W DELANY, *Clerk.*

Then follows the certificate of the clerk of the court in the usual form. We cannot reconcile the acceptance of this pretended record with our sense of duty. The papers show no judgment, and whatever is attempted to be set out, is done so without regard to form or order. It is an easy matter for those who are elected to the office of clerk of the Circuit Court to inform themselves in regard to the manner of keeping and exemplifying the records of their respective courts.

A judgment of the court is not merely a casual

matter, which may be dashed on paper to serve as a mere remembrancer for the clerk, but it is a substantial proceeding, and must appear as the action of the court, as it really is, and not the mere written assertion of the clerk that the court did some certain thing.

Surely it cannot be necessary for us to give prescribed forms of record. The professional education of the attorneys in causes, if not the pride and ambition of clerks, ought to secure to this court, a clear, palpable and formal record, not of the action of the clerk, or his memory thereof, but of the action of the court of which he is the recording officer. It should appear that the court speaks, not merely a certificate of the clerk or his memory of the transaction. He should know that through his record, attested by his hand, and the seal of his court, it is the court that speaks, and not the certificate of the clerk that the court did speak and of what it pronounced.

We take this occasion to make these remarks in this case, not because it is solitary in the defect of the record, but because the papers returned absolutely preclude any further proceedings, and to inform the profession that we must insist upon fair, formal and competent records from the inferior courts.

Here, in these papers, the court does not order or adjudge that the plaintiff do recover, or that the defendant go hence without day, but the clerk merely says that "judgment was rendered, &c." in favor of the plaintiff. It is the saying of the clerk, and not the consideration of the court. Such looseness is not permissible in exemplifications of the records of courts. The dismissal of the writ of error will not bar another, and when the party shall bring up

JUNE TERM 1854.

Wheeler vs. Scott.

a final judgment, properly authenticated, the questions presented by the briefs of counsel, will be considered.

But there is another question in this case, which perhaps it may be well for us to consider at this time, as it may save the parties expense in the further litigation of this case in its present form of action. The action is trover. The cause was commenced by warrant on which the defendant was arrested. He objected to the proceeding at the first opportunity. The affidavit does not set out a cause of action in trover, nor is it in conformity with the statute which prescribes the requisites of an affidavit for a warrant for the arrest of defendant. We do not wish to send this case back with an intimation that even a record in proper form would sustain the proceedings of the plaintiff below  He has mistaken his remedy, and he may as well be set right now as at any future time. His affidavit does not set out a cause of action in trover, and under the present aspect of his case it is obvious that he can never recover in that form of action.

It would not, perhaps, be proper for us to go further in intimating the proper course or rights of the parties, but we leave them to proceed as they shall be advised. This writ of error is dismissed.