## MARTIN· BLODGET, Appellant,

*vs.*

## ANNA HATFIELD, Appellee.

APPEAL IN EQUITY FROM MARQUETTE CIRCUIT COURT.

A party has two months from the filing of a final decree in which to take and perfect his appeal. The time dates from the filing, not from the pronouncing of the decree.

An appeal which purported to have been taken from a final decree, and on inspection, no such decree could be found on file, nor incorporated in the record, was dismissed.

THIS purported to be an appeal from a final decree of the Circuit Court of Marquette county, dismissing the complainant's bill of complaint. The cause was submitted by the appellant on printed case and brief, made upon the supposition that such final decree had been made and filed, but upon examination of the record, none could be found. The appeal was therefore dismissed. The orders of the court below, referring to the case, are stated in the opinion.

*A. Hand,* for the appellant.

*By the Court,* SMITH, J. The counsel in this case, as well as the court below must have misapprehended the state of the record in the case.

We find that on the 28th day of March, at the March term, 1856, of the Marquette circuit, this cause was brought on for hearing, and that after hearing it was " ordered by the court, that the said cause be laid over and continued until the next term of this court, for the purpose of·procuring further testimony, on the payment of the defendant's costs up to this time by the complainant."

This order is dated the 28th day of March, 1856, and there is nothing of record to show that it has ever been vacated, altered or modified, but for aught that appears remains in full force. Nor was this order appealed from by the complainant or any one else.

The appeal presented for consideration appears to have been taken from a final decree dismissing the complainant's bill; the bond for appeal recites such a decree, or refers to it, and there is an order of the court fixing the amount of security to be given on appeal, and this order also recites that the bill was dismissed, but is not itself a decree. It is dated March 28, 1856. But there is no final decree to be found. None is on file among the papers, or incorporated in the record: and indeed we do not see how a final decree could have been made on that day, while the order continuing the cause to the next term remained in force. There is undoubtedly a mistake, the party supposing a final decree had been rendered against her. As, however, we can find no decree or order to which the appeal can be applied, it must be dismissed.

The party has two months from the time of *filing* a final decree, in which to take and perfect his appeal. No such decree has been filed in this case. The time limited for appeal dates from the filing, not from the pronouncing of the decree.

Appeal dismissed.