Sayles vs. Gudath.

MORTIMER M. SAYLES, Appellant, *vs.* ADOLPH GU- DATH.

APPEAL FROM CIRCUIT COURT DODGE COUNTY.

Heard July 16.]                                    [Decided July 23, 1859.

*Appeal—Judgment—Practice.*

An appeal as from a final judgment will be dismissed, unless it appear by the record that judgment has been actually entered in the court below.

This action was argued at the bar by the counsel of the parties, and submitted on its merits, but as the case was decided upon the want of jurisdiction in this court, because no judgment had been entered in the court below, no further statement of the facts of the case or argument is demanded.

*Mertz & Elwell,* for the Appellant.

*E. P. Smith & A. Scott Sloan,* for the Respondent.

*By the Court,* COLE, J. This purports to be an appeal from a final judgment of the circuit court of Dodge county. Upon an examination of the record, however, we do not find the proper evidence that any judgment has ever been rendered in that court. The judgment roll sent up by the clerk of the circuit court, contains no copy of a judgment as required by § 191 of the code. There is, to be sure, a clause in the bill of exceptions stating that a judgment was entered against the appellant for two hundred dollars, and fifty dollars costs. That is all there is any where in the record to show the rendition of a judgment. This is clearly insufficient. There is, undoubtedly, a proper judgment entered up in due form in this cause, on the records of the circuit court. But there is nothing here to show that this is the case. The record sent

up should show such a judgment, if one there be. This is not a matter to be overlooked or disregarded by the appellate court, since it is the very foundation of the appeal which has been taken. See the case of *Wheeler vs. Scott*, 3 Wis. R., 362, As the record does not show any judgment in the cause from which an appeal would lie, we are compelled to dismiss the appeal.

Appeal dismissed.