SKINNER *v.* BESHOAR.

PLACITA — *whether necessary.* A record of a probate court should show the style of the court, the day when, and the place where, it was convened, the judge who presided, and what other officers were present, and failing in this the judgment will be reversed.

WRIT OF ERROR — *record not properly authenticated.* Although in the absence of a placita it cannot be certainly known that what purports to be a record of a court is in fact such, yet, if it carries upon its face an adjudication between the parties, the writ of error will lie.

ATTACHMENT PROCEEDINGS — *amendment of writ and affidavit.* If a writ of attachment be not properly attested, it may be amended pursuant to the statute (R. S. 55).

And so also an affidavit in attachment may be amended by affixing the jurat when that has been omitted.

*Where no affidavit was filed.* But if no affidavit was made or filed before the writ of attachment was issued, a motion to quash, based on that ground, should prevail.

*Error to Probate Court, Las Animas County.*

AT the head of the transcript were the words, "Regular August Term of Probate Court, 1872;" following this was the title of the cause, with the affidavit, the writ, and the declaration in the order in which they are here named.

The jurat in the affidavit was dated August 5, 1872; the prefatory statement of the clerk showed that it was filed June 26, 1872, which was the date of the writ.

The writ was attested as follows:

Given under my hand and seal this 26th day of June, A. D. 1872.

DANIEL S. TAYLOR,
(Probate seal)                          *Probate Judge.*

M. BESHOAR, *Clerk.*
        By JEROME G. ABBOTT, *Deputy.*

The judgment was in the usual form.

Mr. A. W. ARCHIBALD, for plaintiff in error.

Mr. G. W. CHAMBERLAIN, for defendant in error.

WELLS, J.    This record, as certified to us, sets forth divers proceedings between these parties upon different days, and at different terms of the court below, but omits to show at what day or place these several terms were convened, or who presided therein, or what ministerial officers attended. The first error assigned brings this omission into view.

Except in the case of special terms of the district courts for which provision is made, all the courts of law are appointed to be held at particular times and places, which are designated by public law. Upon the proposition that if the presiding justice assumes to convene the court at a time or place other than that fixed by the statute, his proceedings and determinations will lack the obligatory force

of judgments, there can scarcely be two opinions, and notwithstanding what was said in argument, we are of opinion that the record must show upon its face, that the requirements of the law are observed. The records of the courts of superior jurisdiction import absolute verity; they ought, therefore, to bear within themselves evidences of their own identity and authenticity. The name and style of the court of whose proceedings they assume to be the memorial, should be set forth, in order that all who read may know to what authority to ascribe the determinations therein recorded. It ought to appear at what day and place the court assembled, for if at a day or place other than that appointed by law, no suitor would be required to attend, and the adjudication would bind no one. It ought also to be shown that the proper functionary presided; otherwise, at least, if the one who assumed to give judgment were a mere intruder, without color of authority, the same consequences would result. An omission in all these respects will render it impossible to determine at what day recognizances of bail have become forfeit, or defendants in default, or what justice may properly authenticate bills of exception, and many other like doubts and uncertainties will arise, impossible of resolution, without resort to external sources of evidence, which is to turn the records of the courts into parol. Doubtless, where the question arises collaterally and within limits, this may be admissible, *e. g.,* if the record omit to show the style of the court, proof of the place or custody wherein it is kept may be received to explain this; this would, perhaps, be necessary in any case, and the day of the meeting and adjournment of the court may probably be also established by parol evidence, where in collateral issues these become material. But a resort to parol may in many cases breed doubts and difficulties, to which those interested ought not to be subjected. Every one in whose favor, or against whom an adjudication has once been had, has the right to insist that he shall not, if afterward called in question touching the same matter, be required to depend upon the infirmity of human memory

to establish the time or place at which the court sat, or the identity of the record wherein the former adjudication is preserved. To omit to set forth these particular, has, therefore, been held to be error. *Planing Mill Lumber Co.* v. *Chicago*, 56 Ill. 304.

But the writ of error is the process provided by the common law to afford relief against an erroneous judgment ; it lies only to a judgment, and debate has arisen whether the omissions of the record now under consideration have not the effect to turn all the proceedings into absolute nullities. If the record transmitted show that no judgment at all has been given, or that though it contain words in the form and similitude of a judgment, they lack the binding force of the law's adjudication, there would seem to be plausible ground to assert that the party complaining should seek his remedy in another forum. And so, where the record contained only an informal entry, succeeding the title of the cause in these words, "judgment rendered for the plaintiff in the above-entitled suit, at the above-named term by the court, for the sum of $78.37 damages and his costs, against the said defendant," the writ of error was summarily dismissed. *Wheeler* v. *Scott*, 3 Wis. 364.

*Culver* v. *Leary* is more precisely in point to the present case. The record there showed that what is termed in the practice of Louisiana the signing of judgment, had occurred in vacation ; and this being brought in question, it was held to be a judicial act, whereby the judgment is completed and made executory, and not to be capable of being performed in vacation ; and because, by reason of this irregularity, the judgment was not yet made final, the signing judgment in vacation being a mere nullity, the appeal was dismissed as premature. 21 La. Ann. 306. In *Wicks* v. *Ludwig*, the defendant justified, under a writ of restitution issued upon a former judgment, given upon the same matter of controversy, between the same parties. Upon the trial it appeared that the judgment relied upon had been given in vacation, in pursuance of a stipulation of parties; the district court nevertheless received the record as conclusive. In

the supreme court it was insisted for the appellee that the supposed judgment being regular upon its face, could not be questioned collaterally, but only by appeal. But said TERRY, C. J., "appeals can be taken only from judgments of a court; here there is no judgment of any tribunal having jurisdiction; the proceeding was a mere nullity." 9 Cala. 175. In the same case is quoted the language of the court in *Doss* v. *Waggoner*, 3 Texas, 515, which would seem to be much in point. But the same court had, in three instances before that, entertained appeals from judgments rendered, as appeared of record, in vacation, and without, so far as appears, the sanction of the consent of parties. *Smith* v. *Chichester*, 1 Cala. 409; *Coffinberry* v. *Howill*, 5 id. 493; *Peabody* v. *Phelps*, 7 id. 53; and these accord with the current of decision elsewhere. *Galusha* v. *Butterfield*, 2 Scam. 227; *Davis* v. *Fish*, 1 G. Gr. 406; *Gregg* v. *Cooke*, Peck, 82; *State* v. *Roberts*, 8 Nev. 240. Certainly it would seem more consonant with the good order of society, and the stability of titles, to permit such counterfeit and void presentments to be questioned and set aside in due order, upon a proceeding looking directly to that end, execution being superseded in the meantime, than to leave the party aggrieved to await the issuance of process, and then to resist its execution, *manu forte;* or to restrain it by some counter process; or submitting to a sale of his estate, to afterward assert title still continuing in him by reason of the invalidity of the judgment. In *Hoehne* v. *Trugillo*, 1 Col. 161, it was determined that error might be maintained to a judgment less certain and formal than that in *Wheeler* v. *Scott*. By this case, therefore, this court seems to be committed to the doctrine, that error shall lie to review what assumes to itself the force of an adjudication in law, even though, upon the face of the record, it may want the essentials of validity.

In what is said as to the apparent nullity of the record in question we must be understood to speak of the record as presented to us; we must not be supposed to deny the power of amendment in the court below; nor the propriety of stay-

ing proceedings here, upon application for that purpose, in order that opportunity for such amendment may be afforded. In the present case the cause has been submitted, upon this record, as it now is, with all its imperfections. A resolution of the question is therefore inevitable.

Inasmuch as the cause must be remanded for further proceedings, it may be well to advert to the questions which may possibly be presented by the motion to quash the writ of attachment. The writ in question appears to have been issued by the probate judge. The subscription thereto, of the name of the clerk and his deputy, neither add to nor impair its effect. The omission of the name of the judge and the averment that it bears the seal of the court from the attestation clause are matters which may be amended.

The affidavit, which is set forth in this record, appears to have been made and filed long subsequent to the issuance of the writ, but the writ recites that an affidavit had been made. This probably accords with the truth, and if so, the omission of the officer before whom the oath was taken to affix his jurat, or of the judge to file it, at the time when it was deposited in his office, may also be corrected by amendment. But, if no affidavit was ever in fact made, or if made, it was not deposited in the probate court, before the writ issued, the writ must, if this motion proceeds upon this ground, be quashed, and the estate attached be discharged. The judgment is reversed, and the cause will be remanded for further proceedings according to law.

*Reversed.*