BLACK ET AL. v. BENT.

1. CHANGE OF VENUE, WHEN PETITION INSUFFICIENT.

When one county is attached to another for judicial purposes, a petition for a change of venue from the county to which the other is attached, upon the ground of prejudice of its inhabitants, is insufficient, unless it shows that the prejudice claimed extends to the inhabitants of the former county.

2. APPELLATE PRACTICE.

The determination of the trial court upon a petition for change of venue, where its material allegations are denied by counter affidavits, is, upon review, entitled to great weight.

3. SAME.

When the sufficiency of a complaint has not been challenged by motion or demurrer, but only by objection to the introduction of evidence, without calling the court's ·attention to any particular defect or omission, it will be upheld upon review if the facts alleged with all reasonable deductions that can be drawn therefrom are sufficient to show a cause of action.

4. SPECIAL TERMS OF COURT—PRESUMPTION.

In the absence of a special showing to the contrary, it will be presumed that a special term of court, at which the proceedings under review were had, was legally convened. The burden of overcoming the presumption of regularity of the proceedings rests upon him who would contest their validity.

*Appeal from the District Court of Prowers County.*

ACTION for broker's commission upon the sale of real estate. Plaintiff's complaint is in substance as follows :

" That the defendants are indebted to him in the sum of five thousand dollars ($5,000) on account of services rendered as a broker in the sale of a large tract of land (here follows description), and which sale was consummated for defendants by plaintiff on or about the —— day of October, 1890; that for such sale and services the defendants agreed to pay plaintiff the sum of five thousand dollars ($5,000)." Demand for judgment.

The defense consists: *First*, of specific denials of each allegation of the complaint ; and, *second*, the defendants aver

that, prior to the consummation of the sale of the premises, it was agreed between plaintiff and defendants that in the event that a sale should be effected by plaintiff, he was to look to the purchaser alone for his commission for negotiating and consummating the sale, and that plaintiff did in fact receive his commission from such purchaser.

At the time of filing the answer, the defendants also filed a petition for a change of venue, upon the ground of the prejudice of the inhabitants of Prowers county. This petition was supported by the affidavits of fourteen parties. Counter affidavits of eight parties were filed by plaintiff. The court overruled the application for a change of venue, and the cause was tried at the special June, 1891, term of the district court for Prowers county. The jury returned a verdict for the plaintiff for the sum of five thousand dollars. A motion for a new trial was filed and overruled, and judgment entered on the verdict. The defendants bring the case here by appeal.

Messrs. WALDRON & DEVINE, for appellants.

Mr. C. C. GOODALE and Mr. O. G. HESS, for appellee.

CHIEF JUSTICE HAYT, delivered the opinion of the court.

The first error assigned is upon the ruling of the court denying the defendants' petition for a change of venue. This assignment of error must be overruled for two reasons:

1st. Shortly after the petition was filed and before a hearing or decision was had thereon, the county of Kiowa was attached to the county of Prowers for judicial purposes, thereby rendering the petition insufficient, as it contained no allegation that the prejudice claimed extended to the inhabitants of the former county. *Fitzgerald v. The People*, 1 Colo. 56.

2d. All the material facts alleged in the petition and affidavits as a basis for a change of venue were denied in the counter affidavits filed, and it was the province of the district

court to weigh and determine the application upon the case as thus made. The district judge sitting at the place of trial had facilities for information not open to this court, and upon review weight should accordingly be given to his conclusions. *Power v. The People*, 17 Colo. 178.

The second and third assignments of error question the sufficiency of the complaint. The question thus raised is to be considered in the light of the record, disclosing, as it does, that the complaint was in no way attacked in the court below by motion or demurrer, its sufficiency having been first raised by an objection to the introduction of evidence, no particular defect or omission having at any time been called to the attention of the trial court. Under these circumstances, if the facts alleged, with all reasonable deductions that can be drawn therefrom, are sufficient to show a cause of action, the complaint will be upheld upon review. This court will never encourage a practice that will tolerate concealment of objections in the trial courts for the purpose of overthrowing the judgments of such courts upon review.

The particular defect in the pleading pointed out in this court is that it fails to charge or aver an employment of the plaintiff by the defendants or either of them. It does, however, allege an indebtedness for services rendered and a promise to pay for the same, and this is sufficient as against the objection now under consideration. But counsel say that any promise founded upon a past consideration is void. Although counsel state the rule too broadly, if taken as stated, it will not overthrow this complaint, for the reason that the promise to pay does not appear to have been made after the services were rendered. On the contrary, in the absence of a demurrer, and after answer, the presumption should be indulged in favor of the pleading that the promise was made before the services were rendered.

The next assignment of error raises the legality of the special term of court at which the cause was determined.

The constitution, sec. 17, art. 6, authorizes the holding of special terms of the district court " under such regulations

as may be provided by law." The statute passed in pursuance of this constitutional provision, omitting the portion relating to the calling of a special term when the call is made during a regular term of the district court, reads: "* * * Any district judge may, in vacation, call a special term of court within and for any county in the manner aforesaid by any [an] order to be entered of record on the journal of the court within such county, under such general rules previously adopted therefor for the government of such matters in his district; *Provided*, public notice of the holding of such term be given at least thirty days before the commencing thereof, in such manner as may have been provided by such general rules." Sec. 1076, Gen. Stats., 1883.

The argument advanced against the legality of the special June term for Prowers county, this being the term at which this cause was tried, is that as the statute authorizing the calling of special terms provides that the same shall only be called and notice given in pursuance of general rules previously adopted therefor, the record must show affirmatively such general rules and a compliance therewith, or the proceedings had at any special term of court must be taken and held to be absolutely void. The record before us sets forth the order calling the special June term for Prowers county, but fails to show that this order was made and notice given in pursuance of any general rule or rules, or that any such rules were in fact ever adopted by the district court of the third judicial district, this being the district to which the county of Prowers is attached for judicial purposes. Appellee contends that as the court is one of superior jurisdiction, the presumption should be indulged that all its proceedings are regular, and that the burden of overthrowing such presumption rests upon appellants. A number of cases have been cited by appellants as supporting their claim that the record should show affirmatively the existence of such rules of court and a compliance therewith. *Skinner v. Beshoar*, 2 Colo. 383 ; *Clelland et al. v. The People*, 4 Colo. 244 ; *Dunn v. The State*, 35 Am. Dec. (Ark.) 54. Some of these

cases have only a remote bearing upon the question, while our investigation discloses that the weight of authority, as well as the more recent cases, announce a contrary rule upon the precise question at issue. *The State v. Ledford*, 6 Ired. 5; *Sparkman v. Daughtry et al.*, 13 Ired. 168; *Harman v. Copenhaven et al.*, 17 S. W. Rep. (Va.) 482; *State v. Bell*, 12 S. W. Rep. (Mo.) 1047.

In the case of *Skinner v. Beshoar*, *supra*, the record failed to show upon what day or place the court was held, " or who presided therein, or what ministerial officers attended," and the court expressed the opinion that the record must show these facts to give the court jurisdiction.

In *Clelland et al. v. The People*, *supra*, the court, after announcing the well understood rule that any proceeding at a term begun and held without authority was illegal and void, held that where a judge called a special term the fact should affirmatively appear in the record.

All the facts required to be shown of record by the above cases affirmatively appear in the record before us. The order was made calling the special term at the time and place at which the term was in fact held, and such order is copied into the record before us, and is apparently free from objection.

The case of *Dunn v. The State*, *supra*, is more nearly in point, as in that case it was held that the power to call a special term being a special power, every fact necessary to its exercise must be made to appear of record, otherwise it will be presumed that the power was improperly exercised.

In support of the opposite view, we have, first, the case of *The State v. Ledford*, *supra*, in which it is held that in a superior court the regularity of its proceedings would be presumed, and, inasmuch as a special term might legally be held, the fact that it was held on a particular day, at the proper place, is sufficient, *prima facie*, to show that it was the due and proper time for holding the term of court. This decision was afterwards affirmed in the case of *Sparkman v. Daughtry*, *supra*.

This question came before the supreme court of Virginia in the recent case of *Harman v. Copenhaven et al.*, *supra*, under the following circumstances : The statute authorized the judge of the circuit court, by an order to be directed to the clerk, to appoint a special term, and provided that the clerk should inform the commonwealth's attorney and the sheriff of such appointment, and post a copy of the warrant on the front door of the court house, etc. It appearing that the statute had been complied with with respect to the posting of the warrant and order, the appellate court decided that it was presumed that all the other provisions of the statute were duly complied with.

In the case of *The State v. Bell*, *supra*, it was held, with reference to special terms, that in the absence of any showing whatever upon the subject, it should be assumed that a special term was properly and legally held.

The legality of the special term at which this case was tried in the district court was in no way questioned in that court. It is raised for the first time upon this appeal. If it had been raised in the trial court, the proofs could have been easily obtained and incorporated into the record of this case and reviewed in this court, but this not having been done, it is certainly no part of the duty of appellee to cause to be certified into this court such general rules, if any, as had previously been adopted for the government of such matters in the district court. The record of those rules are not primarily a part of the record of this case, and if appellant desired to contest the validity of the special term on account of the absence of rules regulating the matter, or of nonconformity with such as may have been adopted, we think the burden of overcoming the presumption of the regularity of the proceedings rested upon him, and in the absence of such showing we shall assume that the special June term in Prowers county was legally convened.

Objection is made to the certificate of publication of the order for the special term. The order was published in both Prowers and Kiowa counties. In the former county it was

published in the Lamar Register, and proof thereof made by the affidavit of one George B. Merrill, manager of such paper. This we think a sufficient compliance with the statute requiring evidence of publication in the form of a certificate of the printer or publisher.

The last assignment of error is as follows : " That the verdict of the jury is contrary to the evidence in this : that said verdict finds a joint employment by both of the said defendants of said plaintiff, and also a joint promise by both said defendants, whereas the uncontradicted testimony is to the effect that the promise and employment, if any, was a several promise and employment by the defendant, A. R. Black." This objection is without merit, as the evidence strongly tends to show a joint employment by both defendants of plaintiff. Moreover, the objection was not made in the court below, and cannot for this reason prevail here. The judgment will be affirmed.                                    •

*Affirmed.*