[No. 3599.]

THE INSURANCE COMPANY OF NORTH AMERICA v. BON-
NER, TREASURER OF RIO GRANDE COUNTY.

1. JURISDICTION.

A question of statutory construction—as whether a statute has been repealed by implication—cannot give this court jurisdiction to review a judgment of the court of appeals.

2. PRACTICE.

Although the objection that a complaint does not state facts sufficient to constitute a cause of action may be made at any time, yet if raised for the first time in an appellate court, it is not favored.

3. SAME.

If the facts alleged with all reasonable deductions that can be made therefrom are sufficient to show a cause of action, the complaint will be upheld on review; otherwise not. This complaint held fatally defective.

4. INJUNCTIONS TO RESTRAIN COLLECTION OF REVENUE.

Injunctions to restrain the collection of the public revenue are not favored. That a tax is void is not, of itself, sufficient to justify the granting of a writ to restrain its collection. The case must, in addition, be made under some of the well recognized heads of equity jurisdiction.

5. PLEADING.

If part of the tax the collection of which is sought to be restrained, is legal and part void, the pleader must state facts showing what is legal and what void and the payment or tender of the amount legally due. An allegation that he has paid all taxes legally assessed is not sufficient, for this is a mere legal conclusion.

6. SAME—IRREPARABLE INJURY.

An allegation in a complaint for injunction that if the defendant be permitted to do the acts sought to be restrained, "it will work a great and irreparable injury to the plaintiff," is not a statement of fact, but of a mere conclusion of the pleader and insufficient for any purpose.

*Appeal from the Court of Appeals.*

Mr. CHARLES A. MERRIMAN (Mr. WM. M. MAGUIRE and Mr. H. C. CHARPIOT, of counsel), for appellant.

Mr. JESSE STEPHENSON and Mr. C. M. CORLETT, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was begun in the district court of Rio Grande county by The Insurance Company of North America against Orlando Bonner, county treasurer, to restrain the collection of a tax levied against it, upon the ground that the tax was void. The complaint was dismissed upon the defendant's demurrer, and it thereupon sued out a writ of error in the court of appeals, where the judgment below was affirmed. Plaintiff now prosecutes its appeal from the judgment of the court of appeals, and invokes the jurisdiction of this court upon the ground that a determination of a constitutional question is necessary to a decision of the case.

Upon the plaintiff's own theory that the tax whose collection is sought to be enjoined is a franchise tax, and was illegally levied under a law impliedly repealed by a later law covering the same subject and prescribing a lower rate than, and a basis of taxation different from, that contained in the prior law, it is doubtful if there is any constitutional question in the case, or any question other than one of statutory construction.

Be that as it may, we are precluded from passing upon that point; for we are of the opinion that the complaint does not state a cause of action, or present a case that warrants the granting of equitable relief. This was the ground upon which the court of appeals predicated its judgment of affirmance, and as our judgment is in accord with the conclusion of that court, it follows that the determination of a constitutional question is not necessary to a decision in the case as presented, and therefore jurisdiction to entertain this appeal is not vested in this court.

The opinion of the court of appeals is reported in volume 7 of the court of appeals reports, p. 97, and so clearly shows the insufficiency of the complaint as to leave but little further to be said. The able presentation of the case here by counsel for appellant, and the fact that they raise questions of practice that are of importance, call for some further consideration by us.

None of the counsel upon either side appearing in this court was in the case when it was heard in the district court. That the complaint is not satisfactory,—indeed, that it is seriously defective,—counsel for appellant frankly admit; but that it is so defective as not to support a judgment, had one gone for the plaintiff, they are not willing to concede. They claim that the defendant interposed only a special demurrer below, upon which ground alone argument was had, and the decision based.

There may be some doubt as to the correctness of this claim, but for the purpose of the argument, we assume it to be true. It appears, then, that the objection by the defendant that the pleading did not state facts sufficient to constitute a cause of action was not raised until the case reached the court of appeals. Although under section 55 of the code, as construed by this court and the court of appeals (*Wilcox v. Jamieson*, 20 Colo. 158; *Black et al. v. Bent*, 20 Colo. 342; *Mulock v. Wilson*, 19 Colo. 296; *McKee v. Howe*, 17 Colo. 538; *Toothacker v. City of Boulder*, 13 Colo. 219; *Marriott v. Clise*, 12 Colo. 561; *Hall v. Linn*, 8 Colo. 264; *Emery v. Yount*, 7 Colo. 107; *Creswell v. Woodside*, 46 Pac. Rep. 842), this objection may be raised at any time, yet when raised for the first time in an appellate court, it is looked upon with disfavor.

Applying this rule, counsel say it is our duty (which is true) to disregard all irregularities and informalities in the complaint, and, if possible, to sustain it. To the same effect is the case of *Burkhart v. Gladish*, 123 Ind. 337, and cases cited. The rule has thus been stated: " If the facts alleged, with all reasonable deductions that can be drawn therefrom, are sufficient to show a cause of action, the complaint will be upheld upon review." *Black v. Bent*, *supra*. This is the settled doctrine of this court, and we are disposed to frown upon the practice of reserving even such objections, as are here raised, until the cause reaches an appellate court.

But giving to the rule its most liberal application, we are unable to spell a cause of action out of the complaint. It is

more than merely inartificial; it is entirely wanting in some essential averments. In addition to what is said by the court of appeals, we may say that courts discourage the practice of granting injunctions to restrain the collection of the public revenue. That a tax is void is, of itself, not sufficient to justify the granting of a writ. The case must, in addition, be brought under the head of some of the well recognized heads of equity jurisdiction. *Dows v. Chicago*, 11 Wall. 308; High on Injunctions (3d ed.), § 485, *et seq.*

Some of the particulars in which this complaint is bad are as follows: The plaintiff must allege payment,—at least, a tender, — of all legal taxes due. If part of the tax assessed against him is legal and part void, he must state the facts showing what is legal, and what void, and the mere allegation that he has paid all taxes *legally* assessed is not sufficient. High, §§ 497, 498. The allegation here is that plaintiff "has paid and liquidated any and all legal claims for taxes or otherwise made or held against it by the state of Colorado, as required by law." This is a mere legal conclusion. Besides this, according to the plaintiff's own theory of the case, it owed taxes to the county of Rio Grande, the towns of Monte Vista and Del Norte, where it had agents, and to the school districts in those municipalities. The tax due to each of these smaller subdivisions of the state is a separate and distinct tax from that due to the state itself, and there is no averment in the complaint of payment, or tender, of any such taxes.

There is no allegation of a threat by the treasurer to enforce the payment of the tax, or even that plaintiff anticipated he would seek to collect it, either by distraint of its personal property, by suit, by sale under the statute, or otherwise; and it appears, also, that the taxes were not due until after the suit was brought. See High, § 492. There is only a bare allegation that the tax is void and no attempt to state the facts which, it is claimed, constitute the tax void, so that the court may draw its own legal conclusions from the facts as stated. This is clearly insufficient. High, § 493.

Ordinarily, the writ will not lie to restrain the collection of an illegal tax on personal property; and while it is only by inference that we are advised of the ownership by the plaintiff of personal property, there is no allegation, or even inference, that the plaintiff is the owner of any real estate, the title of which might, by any possibility, be clouded. If this is a tax upon the corporate franchise, as the plaintiff maintains, the general rule is that the collection of a void tax on a franchise will not be enjoined. High, § 520.

The complaint alleges that, if the treasurer is permitted to collect this tax, "it will work a great and irreparable injury to the plaintiff," but the facts are not stated showing to the court the nature of such injury, or how, or why, it will result; and such an allegation in a pleading is a mere conclusion of the pleader himself, which all the authorities hold to be not the allegation of a fact. High, § 491, and cases cited. So it will be seen from the foregoing that by no rational rule of construction can this complaint be held good.

But, say counsel, as the prayer is for general relief as well as for an injunction, this action may be treated as an application for a writ of *certiorari* to review the proceedings of the board of county commissioners in levying the tax. This contention is wholly untenable, and it would seem not to be seriously urged. *Certiorari* does not lie to the collector of taxes, either to review his action, or any prior action upon which his own is based (Cooley on Taxation [2d ed.], 757); and it would be an anomalous practice to convert an action brought against a county treasurer to restrain the collection of a void tax into an action against the board of county commissioners to review its proceedings in levying the tax, even though, in a proper case, this remedy is appropriate.

Our conclusion being that the constitutional question, even if it is in the case, is not necessary to the decision of the controversy, but that the cause must be decided upon the insufficiency of the complaint, it follows that this court is without jurisdiction of this appeal, and it is accordingly dismissed.

*Dismissed.*