Barton vs. Twohy Mercantile Co.

BARTON, Receiver, Respondent, vs. TWOHY MERCANTILE COM-
PANY, Appellant.

*October 20 — November 7, 1899.*

*Appeal: Return: Judgment roll.*

The supreme court cannot entertain an appeal from a judgment un-
less a judgment roll made up in substantial compliance with sec.
2898, Stats. 1898, has been transmitted thereto as required by sec.
3050.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Appeal dismissed.*

For the appellant the cause was submitted on the brief of
*Ross, Dwyer & Hanitch.*

For the respondent there was a brief by *Reed & Reed,* and
oral argument by *Myron Reed.*

MARSHALL, J. The appeal purports to be from a judg-
ment. The only error assigned is that the findings are con-
trary to the evidence. The return on the appeal contains
what purports to be a proposed bill of exceptions, a bunch
of papers prepared for a completed bill of exceptions ready
for the trial judge's certificate, findings of fact and conclu-
sions of law, the notice of appeal, bond on appeal, and a cer-
tificate of the clerk of the trial court that such papers are
all the papers on file in the action, and that they are trans-
mitted pursuant to the notice of appeal.

Sec. 3050, Stats. 1898, provides that on appeal from a judg-
ment the clerk of the trial court shall transmit to the su-
preme court the judgment roll. The pleadings and a copy
of the judgment are necessary parts of the judgment roll.
Sec. 2898. Nothing approaching the requirements of a judg-
ment roll has been transmitted to this court on this appeal,
and it clearly appears by the clerk's certificate that there
has never been one made up and filed in the trial court.
Without a proper return in compliance with sec. 3050, this

court cannot entertain an appeal. *Sayles v. Gudath,* 9 Wis. 159; *Wheeler v. Scott,* 3 Wis. 362; *Blodget v. Hatfield,* 5 Wis. 77; *Kellogg v. Smith,* 10 Wis. 135; *Shewey v. Manning,* 14 Wis. 448; *Hoffman & B. Mfg. Co. v. Burdick,* 95 Wis. 342.,

It follows that this appeal must be dismissed.

*By the Court.*— So ordered.