[No. 3589.]

SCOTT V. HOWELL.

1. APPEALS—*Objections Not Taken Below,* are looked upon with disfavor, *e. g.,* a general objection to the complaint for want of a sufficient statement of facts, not calling attention to particular matters proven but not alleged.

2. —— *Harmless Error.* The omission from the complaint of a fact which was proven below without objection will be disregarded.

3. PLEADINGS—*Certainty.* A complaint in an action to remove a cloud from a title, assailing a tax deed, should point out the precise defects in the proceedings which are complained of.

But the lack of particularity in this respect is to be met by a motion to make more specific.

4. TAX TITLES—*Removing Cloud From Title—Offer to Refund Taxes.* Failure to tender a return of the taxes paid by defendant is waived by an answer claiming title under the tax deed.

*Appeal from Yuma District Court.* HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

MORGAN, J.

Appeal from a judgment for plaintiff in an action to remove a cloud from title, annulling a tax deed, and removing the cloud created thereby from the title, to two half-sections of vacant and unoccupied land.

Appellant contends that the complaint did not state facts sufficient to constitute a cause of action, because it did not allege that the tax deed was recorded, because the allegations attacking the tax deed were mere conclusions of law, and because the complaint did not contain an offer to refund the taxes paid by defendant.

It is true, it was not, although it might have been truthfully, alleged that the deed was recorded. However, plaintiff's testimony disclosed that the deed was recorded, and such proof was made without any objection being interposed that pointed out this specific defect in the complaint, although objection was interposed that the complaint did not state facts sufficient to constitute a cause of action. Furthermore, defendant's counsel, in his objection, stated that "it is alleged in the complaint and admitted in the answer that the deed was made on the 6th day of March, 1899, and recorded on the same day in Book 1299, page 213, of the said records." This statement of counsel discloses that the case was tried as though it had been alleged in the complaint that the deed was recorded, and it discloses, also, that counsel could not have had in his mind at the time he made the objection the lack of this particular allegation. His objections

also were specifically stated to be concerning the want of
sufficient allegations as to the reason why the affidavit of
publication was not made as provided by law, and to the
lack of any offer in the complaint to pay or refund the
taxes to defendant which he had paid. If this defect had
been sufficiently pointed out to the court, an amendment
could have been inserted in the complaint, that the deed
had been recorded, so as to make the pleadings corre-
spond to the proof. If this cause should be reversed, the
amendment could be allowed, and nothing would be
gained by appellant, and we think this defect in the com-
plaint, if it was not cured, should be disregarded. Al-
though the objection that a complaint does not state facts
sufficient to constitute a cause of action may be raised at
any time, yet when the specific objection is first pointed
out on the appeal, the view of the supreme court in the
following cases that, such objection, when first made in
the appellate court, is looked upon with disfavor, is ap-
plicable: *Insurance Co. v. Bonner,* 24 Colo., 220, 222, 49
Pac., 366, and cases cited; *Colo. F. & I. Co. v. Four-Mile
R. Co.,* 29 Colo., 90, 66 Pac., 902.

It is true, also, that the complainant, in attacking the
tax deed, after stating a number of things that were not
done, and which the statute requires, leading up to the
issuance of the deed, followed such allegations with the
statement, "as required by law," but the allegations of
facts were sufficient without the words quoted, which the
appellant contends is a conclusion of law. The complaint
should have stated and pointed out the exact defects in
the proceedings, but the defendant did not interpose any
motion to require such statements to be made more
specific.

It is true, also, that the complaint did not contain an
offer to refund the taxes paid by the defendant; however,
the defendant admitted and alleged that he claimed to be
the owner of the premises, by virtue of the tax deed, at-

tacked, and consequently such offer would have been un-availing.—*Empire Ranch & Cattle Co. v. Lanning*, 49 Colo., 458, 461, 113 Pac., 491, and cases cited.

All other assignments of error have been disposed of contrary to appellant's contention by recent decisions of this and the supreme court.

The judgment of the lower court is therefore affirmed.

*Affirmed.*