LEVERING (CONNER v.). See Case No. 3,-114.

LEVERING (JACOBS v.). See Case No. 7,-162.

## Case No. 8,288.

### LEVERINGE v. DAYTON.

[4 Wash. C. C. 698.] [1]

Circuit Court, D. New Jersey. Oct. Term, 1827.

EVIDENCE—SUFFICIENCY—COPY OF DOCKET ENTRIES—LEDGER—ORIGINAL ENTRIES.

1. Where the judgment of another court forms a necessary part of the evidence, a mere copy of the docket entries, without even the substantial form of this judgment, is not sufficient evidence.

[Cited in Cromwell v. Bank of Pittsburg, Case No. 3,409; Young v. Martin, 8 Wall. (75 U. S.) 357; Re Coleman, Case No. 2,980.]

[Cited in Hoehne v. Trugillo. 1 Colo. 161; Rape v. Heaton, 9 Wis. 316 (Old Series, 334).]

2. The plaintiff's or defendant's ledger, proved to contain original entries, is not evidence.

This was an action of assumpsit. The principal item in the bill of particulars delivered to the defendant [Joseph Dayton] was one for about $1700 principal, interest and costs, paid by the plaintiff [Jacob Leveringe] under an execution upon a judgment rendered on a custom house bond to the United States, executed by the defendant as principal, and the plaintiff as his surety. To prove this item, the plaintiff offered in evidence a paper under the seal of the district court of Pennsylvania, certified by the clerk of that court to be a true copy of the

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States. under the supervision of Richard Peters, Jr., Esq.]

docket entries in a suit of the United States v. Dayton and Leveringe [unreported], with a certificate of judge of that court subjoined, "that the above attestation is in due form." The contents of this paper were nearly as follows: viz. "United States v. Leveringe, &c. nar. filed—on motion judgment for the United States v. Leveringe; exit capias ad satisfaciendum, $1602," to which are added the interest and costs in figures. "July 3d. Satisfaction acknowledged." This evidence being objected to by the defendant's counsel, the plaintiff's counsel proved by a witness that he applied to the clerk of the district court for the Eastern district of Pennsylvania, for a copy of the judgment and other proceedings in the above case, and that in compliance with this application, the above paper was delivered to him, and that it is the practice of that officer to deliver a similar paper in cases like the present. The court refused to admit the evidence.

Mr. Wood, for plaintiff.
Mr. Elmer, for defendant.

WASHINGTON, Circuit Justice. The plaintiff relies upon a record to prove payment of a certain sum composed of principal, interest and costs, under a judgment and execution against him. But the paper produced is no record of a judgment or execution; it is a mere minute of the proceedings of the court, taken by the clerk to enable him to make up a record. The paper contains no judgment, nor even the minute of a judgment for any sum at all, unless we are to connect the figuring with the general entry, "judgment for the United States," and then conclude that the aggregate of the sums stated is that for which the judgment was rendered; which would be going much further than any court in my opinion ought to do. In short, this paper does not inform us that the action to which it relates was on a bond in which the plaintiff was surety, or what was the nature of the demand; for what sum the judgment was entered, or the execution issued. I do not say that the record need be made out with the same precision in matter of form, as if it were to accompany a writ of error to a superior court. But the proceedings should be stated, and the judgment ought to have substantially at least the form of a judgment.

The plaintiff's counsel then offered a paper headed thus: "United States v. Dayton and Leveringe, in the district court of the United States, capias satisfaciendum," with an acknowledgment annexed, signed by the marshal, that he had received of Leveringe, one of the defendants above mentioned, the sum of $1718 in full, for debt, interest and costs in the above suit. This evidence was likewise overruled.

WASHINGTON, Circuit Justice. This paper contains a receipt of principal, interest and costs, not by the United States or their agent, but by a person styling himself marshal. Where was his authority to receive even the principal and interest of the debt due to the United States; much less the costs? A judgment and execution would have amounted to such an authority, but no sufficient evidence of either has been given.

The plaintiff's counsel then offered the plaintiff's ledger, proved by a witness to contain original entries, in which is an account raised against Dayton and Weightman, and the following debet, viz. "To duties, $1602.82 cents." The counsel admitted that this would not be good evidence at common law, but insisted that it was admissible according to the regular practice of the courts in this state. Judge Rossel stated a case in which evidence of this kind had been admitted, and the judgment of the court, in which it had been so admitted, was for that cause reversed by the supreme court.

WASHINGTON, Circuit Justice. The case mentioned by the district judge is conclusive. The evidence must be rejected.

The plaintiff then consented to be called, and a nonsuit was entered.