## HOEHNE *v.* TRUGILLO.

RECORDS OF PROBATE COURTS. A mere minute or memorandum of a proceeding is not a record.

An entry in the following form: "Judgment given by default by order of the court," is not a judgment.

JUDGMENT — *what shall be regarded as final.* Where the court below has awarded execution, this court will entertain a writ of error to reverse the judgment, although the record of such judgment is defective.

JUDGMENT — *defective in form.* There may be error in the form or substance of a judgment, as well as in the proceedings preliminary to it.

*Error to Probate Court, Las Animas County.*

Mr. W. F. STONE, for plaintiff in error.

Mr. G. W. PURKINS, for defendant·in error.

HALLETT, C. J.　The transcript of the record filed in this court contains informal memoranda of the proceedings of the probate court in the manner usually adopted by justices of the peace, together with copies of papers filed in that court.　It is not in the form used by courts of record, and, indeed, is so unlike a record that it is difficult to apply that name to it.　The statute gives to probate courts the character of courts of record, and declares that they shall be governed by the rules of practice and proceeding prescribed by law for district courts.　In the words of Mr. Justice BLACKSTONE, "A court of record is that where the acts and judicial proceedings are enrolled in parchment for a perpetual memorial and testimony ; which rolls are called the record of the court, and are of such high and super-eminent authority that their truth is not to be called in question."

In these days the parchment is discarded, but records still retain their character as a judicial memorial of "high and super-eminent authority."　The importance of uniformity and perspicuity in the language of records was early appreciated, and great care was taken in selecting it.　It is to be regretted that the same care has not always been observed, and that the familiar forms which have been sanctioned by long usage should be disregarded.　The law overlooks many mistakes, omissions and ambiguities in records, when they do not affect the sense of the matter recorded, but we are not prepared to say that the approved forms in which the orders and judgments of courts are usually entered may be entirely ignored.　A mere minute or memorandum of a proceeding is not a record.　*Leveringe* v. *Dayton*, 4 Wash. C. C. 698.

And we have nothing more than memoranda in this transcript.　For instance, the entry which is said to be a judg-

ment is as follows: "Judgment given by default by order
of the court," following which is a statement that the plain-
tiff below filed a note of a certain amount.

There is no statement that any sum of money was recov-
ered by one party from the other, or that any thing was
considered or adjudged by the court, or indeed any thing
that is essential to a judgment. And yet it seems that exe-
cution was issued out of the probate court against the prop-
erty of the plaintiff in error to collect the amount for which
this entry is supposed to stand as a judgment. And here
we approach the consideration of the motion to dismiss the
writ of error for want of a sufficient record. The rule which
limits the appellate jurisdiction of this court to cases in
which final judgment has been rendered is supposed to
apply to this case, inasmuch as no judgment appears in the
transcript, and yet, if we dismiss the writ, there appears to
be nothing to prevent the defendant in error from obtaining
another execution out of the probate court; in our judg-
ment the rule referred to does not apply to cases of this
kind, for the reason that the court of original jurisdiction
has decided that final judgment has been rendered. It is
true that we do not find any such opinion in express terms,
but execution has been awarded by that court, which can-
not be done except upon final judgment. There would be
great hardship in denying to one whose property has been
taken in execution the right to test the validity of the judg-
ment upon which the execution issued. If the judgment is
defective or void, that is the very fact which he wishes to
establish in a court of errors in order to prevent his adver-
sary from selling his property under it. There may be
error in the form or substance of a judgment as well as in
the proceedings preliminary to the judgment. *Martin* v.
*Barnhardt*, 39 Ill. 12. The motion to dismiss must be
denied, and from what we have said of the record it will be
apparent that the judgment, such as it is, must be set aside
and the cause remanded with directions to the probate court
to permit the plaintiff in error to plead to the action. Even
if the judgment was perfect in form, there is no record

preliminary to it, upon which it could stand. In the present condition of the probate courts we trust that counsel in this and other cases before those courts will make some effort to conform the records to the rules of practice by which such records are to be tested. The question respecting the right to change of venue will probably receive the attention of the legislative assembly at an early day, and therefore we think it not necessary to consider it.

The judgment is reversed with costs, and the cause remanded.

*Reversed.*