COOPER et al. v. AMERICAN CENTRAL INS. CO.

1. The district court of one county cannot lawfully continue in session therein after the day appointed by law for the holding of the court in another county in the same district.

2. This court will take judicial notice of the terms of the district courts in the several judicial districts, as fixed by law.

3. A judgment of the court, to be valid, must be pronounced by the *court*, at a time and place appointed, and in the form required by law.

4. A writ of error will lie to review what assumes to itself the force of an adjudication at law, although upon the face of the record it may want the essentials of validity.

*Error to District Court of Pueblo County.*

THIS is a writ of error to the district court of Pueblo county, to reverse a judgment rendered in the above cause by Hon. JAMES B. BELFORD, associate justice at the December term, A. D. 1874, of said court. The cause was tried by the court, without the intervention of a jury, and is brought here upon errors assigned, which are all substantially of a like import, viz : that the judgment in said cause is *coram non judice*, being entered when the court *in fact* was not in session, and when *in law* it could not be in session in Pueblo county. That the said judgment by the record thereof does not appear to be the sentence or consideration of the law as to the matters in controversy, but the mere personal order of the presiding justice, not rendered in term time, nor in court, but filed in vacation in the clerk's office.

Mr. CHAS. E. GAST, for plaintiffs in error.

Messrs. BLAKE & JACOBSON, and Mr. BENJ. MATTICE, for defendant in error.

ELBERT, J. In this case the judgment appears to have been rendered and entered of record in vacation. The record does not show when, in fact, the court did adjourn, but this court takes judicial notice of the terms of the

district courts in the several judicial districts, as fixed by law.

The December term of the district court for the county of Pueblo commenced on the second Tuesday of December, 1874. The January term of the same court for the county of Las Animas commenced on the first Tuesday of January, 1875. Sess. Laws, 1874, p. 88. The district court for one county cannot lawfully continue in session therein, after the day appointed by law for the holding of the court in another county in the same district. *Grable* v. *The State*, 2 Green, 559 ; *Archer* v. *Ross*, 2 Scam. 303.

By fixing the time for the commencement of the term of the court in one county, the law, by necessary implication, limits the duration of the term of the court immediately preceding in another county of the district, and unless sooner terminated by adjournment, the term will expire, by limitation of law, at the time fixed for the succeeding term.

The December term, 1874, of the district court for the county of Pueblo, at which this case purports to have been tried, could not, therefore, have extended beyond the first Tuesday in January, 1875, the day fixed by law for the commencement of the term in Las Animas county. The first Tuesday in January, 1875, was the 5th day of the month.

The issues were made up at the June term, and the cause continued to the December term, 1874.

An entry on the 11th day of January, 1875, shows that the defendants on that day filed their motion for a new trial, and this is the first intimation which the record gives that a trial had been had. The next entry is to the effect that afterward, and on the 19th of January, 1875, the associate justice presiding at the December term, 1874, of the district court of said Pueblo county "filed in the office of the clerk thereof a certain judgment," which is set forth in *extenso*, and which recites in substance that on the ——— day of December, 1875, being one of the regular days of the said December term, the cause came on for trial, that the jury

was waived, and the trial had to the court, and the issues found for the plaintiff, and that there was due from the defendants to the plaintiff the sum of $612.81; that the defendants filed their motion for a new trial, and that the same was overruled; that thereupon it was ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendants the sum of $612.81 and their costs; that an appeal was prayed and allowed, and thirty days given to file bill of exceptions. This is signed by the judge, and dated January 13, 1875.

Under date of January 19th, the record further recites that "under instructions *received* with said judgment," from the judge, and at the request of the plaintiff's attorney, the clerk of said court made the following entry upon the records of said court: "On this 19th day of January, 1875, a judgment rendered by the Hon. J. B. BELFORD, associate justice of the supreme court of Colorado Territory, and judge presiding at the December term, 1874, of the district court of the third judicial district of Colorado Territory within and for the county of Pueblo, *was received* by the clerk of said court, which said judgment was in the words and figures following." The judgment which follows is the one already adverted to. From these recitals, it is evident that the judgment was not rendered in open court, during the term, but in vacation.

The recitals, that on the 19th day of January, 1875, the judge presiding at the December term, 1874, "filed in the office of the clerk thereof. a certain judgment;" that afterward, "under instructions" from the judge, the clerk of said court entered the judgment of record, stating that it was a judgment *received* on the 19th of January from the judge presiding at the December term, are inexplicable, if the judgment was rendered in open court during the term.

It is true that the judgment so "filed by the judge," and "received" and entered by the clerk as above indicated, purports on its face to recite a judgment rendered at the December term, but it also recites that the motion for a new trial was overruled, and the record shows that the motion

was not filed until after the term had expired by limitation of law.

The term is designated as the December term, 1875, instead of 1874, but it is not necessary to consider the effect of this evident misrecital.

A judgment is the sentence of the law pronounced by a court of competent jurisdiction, as the result of proceedings instituted. It is a judicial act, and to be valid must be pronounced by the *court*, at a time and place appointed by law, and in the form it requires. In the case of *Skinner* v. *Beshoar*, 2 Col. 385, it was held that error will lie to review what assumes to itself the force of an adjudication in law, although upon the face of the record it may want the essentials of validity.

Judgment
*Reversed.*

Chief Justice THATCHER, having been of counsel, did not sit in this case.