## ALVORD et al. v. McGAUCHEY.

(*Supreme Court of Colorado, April Term, 1880.*)

FINAL JUDGMENT. While a strict compliance with forms is not essential in
the entry of judgments, yet, to constitute a final judgment the record must
not only indicate that an adjudication took place, but the entry must have
been intended as an entry of a judgment.

THE FINDINGS of a court are not a judgment, and a statement in a bill
of exceptions that a judgment was rendered cannot supply the place of the
judgment itself.

BECK, J.   This cause was brought here by writ of error to the
district court of Ouray county.   The defendant in error moves
to dismiss the writ upon several grounds, one of which is—
"There is nothing shown in the record to which the writ will lie."

An inspection of the fact that no final judgment has been en-
tered in the cause, and that the portion of the record supposed
to be a judgment is simply the findings of the court, the cause
having been tried by the court without a jury.   These findings
are as follows:   "After hearing the evidence and the arguments
of counsel, the court doth find that the said defendants are in-
debted to the said plaintiff in the sum of two hundred and two
dollars, together with his costs in this behalf paid, laid out and
expended, taxed at —— dollars; and then upon motion of said
defendants, it is ordered that the plaintiff be taxed with all costs
accruing from the date of the filing of the motion in the county
court to set aside the appeal bond, up to the time when the
county court granted the petition for change of venue, and all
the remainder of the costs in this cause shall be taxed to the de-
fendants."

A cross-motion has been interposed for leave to file a supple-
mental transcript, and the document proposed to be tried is sub-
mitted for our inspection.   We find it to be simply a bill of ex-
ceptions, and certified to be such by the clerk of the district court.
It contains an allegation that a judgment was rendered, but no
judgment is set out, although the same findings of the court are
copied therein which appear in the original transcript.   The state-
ment that a judgment was rendered does not follow the findings
of the court, but occurs immediately after the testimony, and
doubtless refers to the findings, characterizing them as a judg-
ment.

Inasmuch as the statement does not appear in the transcript of the record, but only in the bill of exceptions, the plain and necessary inference is, that it is a conclusion of the counsel who prepared the bill of exceptions, and that there is no such statement of record in the court below. But if a part of the record, it would not cure the defect, as this statement is not a judgment. In the case of *Faulk* v. *Kellums*, 54 Ill., 189, the cause having been tried before a jury, the verdict was: "We, the jury, find in favor of the plaintiff, and assess his damages at $4,493." A motion for a new trial was made and overruled, and then follows this entry upon the record: "Whereupon the court enters judgment upon the verdict." This entry was held not to constitute a judgment, nor have any element of a judgment other than a bare recognition of the finding of a jury.

Section 185 of the Code of Civil Procedure, requires upon trial of issue of fact by the court, that "judgment shall be entered in accordance with the finding of the court." By force of section 38 of the code amendments (Laws 1879, p. 220) the writ of error only lies to such jugdments and decrees of the district and county courts as are final. The same rule obtained at common law. Powell on Appellate Proceedings, pp. 45, 46. While a strict compliance with form is not essential in the entry of judgment, yet to constitute a final judgment the record must not only indicate that an adjudication took place, but the entry must have been intended as an entry of a judgment. No such intention is manifest in these transcripts of proceedings. The findings of the court are no more a judgment than would be the verdict of a jury in a cause tried before a jury, and the statement in the bill of exceptions that a judgment was rendered cannot supply the place of the judgment itself.

So far as shown by the transcripts, the clerk of the court below has never entered up a final judgment in this cause, and it remains a *lis pendens* in the district court.

Judgment may yet be entered upon the findings of the court. Powell on Appellate Proceedings, page 129, section 22; *Cody* v. *Filley*, 4 Col., 109; *Kinsley* v. *The State of Ohio*, 3 Ohio St., 508.

The motion to dismiss the writ of error will be sustained.

Writ of error dismissed.