## BEAN, Clerk and Recorder, v .PEOPLE *ex rel.*

(*Supreme Court of Colorado, December Term, 1881—Error to the District Court of Gunnison County.*)

1. MANDAMUS—REVIEW BY WRIT OF ERROR. The District Court, having entertained the cause, entered up judgment and awarded the peremptory writ of mandamus—the judgment, though rendered at chambers and in a different county, having been entered in the records of the District Court of the proper county—it is no ground for dismissing the writ of error, that the Judge had no authority to enter such judgment. Error will lie to review whatever assumes to itself the force of a judgment.

2. SAME—QUERE. Whether mandamus proceedings can be heard and determined at chambers, or out of the county, under the Code? (Chap. XXXI, and Sec. 23, Chap. II, King's Code.) There having been an effort to determine the whole subject matter of such controversy in vacation by a final judgment on the merits, the Supreme Court will entertain the writ of error for the purpose of inquiring into and passing upon the regularity and validity of these proceedings.

Motion to dismiss writ of error.

BECK, J. An alternative writ of *mandamus* was granted to the relators on the 8th day of December, 1881, by the Hon. C. W. Burris, Judge of the seventh district, directed to the plaintiff in error, as county clerk and recorder of Gunnison county, commanding him to allow the relators and their employees access to the records and files of his office, for the purpose of abstracting the same, or that he show cause why he has not done so, before said Judge at his chambers in Lake City, Hinsdale county, on the 14th day of December, 1881.

On the return day of the writ, the respondent, Bean, appeared before said Judge, at the place named, and presented his answer to the petition, showing therein why he had not permitted the relators to make abstracts from the books and files of his office.

The relators demurred to the answer, and a hearing was had before the Judge, who sustained the demurrer and rendered final judgment in favor of the relators, and awarded a peremptory writ of *mandamus* against respondent. The latter sued out a writ of error, which was made a *supersedeas.*

A motion is now made to dismiss the writ of error, for the reason that a writ of error will not lie to review these proceedings.

The argument for the motion is, in brief, that, under the constitution and laws of this State, writs of error only lie to final

judgments of the District and County Courts, and that a Judge at chambers has no power to enter up a judgment of the *Court*, or a final judgment on the merits.

Whether, under the law of *mandamus*, as it now stands in the Code of Civil Procedure, a Judge in vacation or at chambers may enter up such a judgment, it is certain that there was entered up in this instance what purports to be a final judgment, and an inspection of the·answer of the respondent shows that this judgment determined the merits of the controversy.

Having entertained the cause, entered up judgment and awarded the peremptory writ of mandamus, and having likewise caused the judgment to be entered in the records of the District Court of Gunnison county, it is no ground for dismissing the writ of error to say that the Judge had no authority to enter such a judgment.

It was said in *Skinner* v. *Beshoar*, 2 Colo, 384, that, "this Court seems to be committed to the doctrine that error shall lie to review what assumes to itself the force of an adjudication in law, even though upon the face of the record it may want the essentials of validity."

In *Vances's Heirs* v. *Rockwell et al.*, 3 Colo., 241, it was remarked by the Court, in deciding a motion to dismiss the writ of error, that, "what is sufficient to reverse the judgment can never be cause to quash the writ of error." This observation was made in answer to the fifth ground of the motion, that there was nothing in what purported to be a record to show that the supposed judgment was ever given by any Court known to the law, etc.

In *Cooper et al.* v. *American Central Ins. Co.*, 3 Colo., 318, a writ of error was entertained to review a judgment rendered in vacation, which is practically the same as a judgment rendered at chambers.

It would seem, on the authority of the case of *The People ex rel. Munn et al.* v. *Board of Trustees of the Town of Ouray*, 4 Colo., 291, that a serious question arises in the present case, whether the Judge had jurisdiction of the subject matter of the action at Lake City, to hear and determine a cause of action which arose in Gunnison county.

It was said in the last mentioned case that a District Judge could not make a writ of *mandamus* returnable at his pleasure into any county of his district.

This ruling was made upon a construction of the mandamus act of Feb. 13, 1874, under which the proceedings arose. Laws 1874, p. 180.

That act was similar in its general scope to Chap. XXXII of the Civil Code, the present law, but much more intelligible and reasonable.

It authorizes, in express terms, the issue of an alternative writ, a hearing and final judgment in vacation; and likewise made provision for the review of the judgment by appeal or writ of error.

The Code remedy authorizes the issue of the alternative writ, the hearing of the cause by a Judge at chambers, and inferentially authorizes the Judge, on the hearing, to enter up final judgment and award a peremptory writ, but makes no provision for a review of the judgment.

Neither law provides that the writ may be made returnable, and the trial had outside of the county in which the subject matter of the action arose, or in which the cause was pending. "Formerly," says the Court in the case last cited, "writs were returnable *ubicunque fuerimus in Anglia*, but it is not probable that the Legislature contemplated a return to that ancient practice."

The point is also made by the learned Judge who delivered the opinion of the Court, that if the writ had been granted by the District Court of Ouray county, it could not have been properly made returnable to another county in the district, and that a Judge in vacation has no other or greater power.

It is true, there are some expressions in the present inconsistent and obscure mandamus chapter, from which it might be inferred that the alternative writ might be issued in one county, a trial by jury had in another, and the hearing had in some other county, but a construction fraught with so much inconvenience to suitors, and so inconsistent with established principles, ought not to be adopted unless required by clear and positive provisions of law.

Such a construction also would be in seeming conflict with the express requirements of chapter II of the Code, entitled, " Of the place of trial of civil actions."

Section 23 of that chapter requires that an action against a public officer for an act done by him by virtue of his office, or

for a failure to perform any act or duty which he is by law required to perform, shall be in the county where the cause, or some part thereof, arose.

Section 22 of the Code amendments, Laws 1879, p. 224, appears to limit the powers of District Judges in vacation, or at chambers, to the determination of motions and demurrers, and the making of interlocutory orders and rules preparatory to trials, upon the merits.

There having been an attempt in the case at bar to determine the whole subject matter of the controversy in vacation, by a final judgment on the merits, and this judgment having been rendered in a different county from that in which the action arose or was pending, and a peremptory writ having been issued, to enforce it, which has been superseded, it appears to be our duty, from the authorities cited, to entertain the writ of error for the the purpose of inquiring into and passing upon the regularity and validity of these proceedings.

The motion to dismiss the writ of error must, therefore, be denied.

*Motion denied.*