BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF YUMA v. LOVELL.

1. APPELLATE PRACTICE—TRANSCRIPT OF RECORD.
In order that a cause may be reviewed on appeal upon its merits, an authenticated copy of the record of the judgment or decree appealed from must be lodged in the office of the clerk of the appellate court.

2. SAME—FINDING NOT A JUDGMENT.
The findings of the court are no more a judgment than would be the verdict of a jury, and the statement in the bill of exceptions that a judgment was rendered cannot supply the place of the judgment itself.

*Appeal from the District Court of Yuma County.*

As stated in the opinion, no authenticated copy of the record has been lodged in the clerk's office of this court as a foundation for this appeal. That which purports to be a printed abstract of the record, referred to in the opinion, contains the following:

·"STATE OF COLORADO, } *ss.* In the District Court thereof.
    Yuma County.

"M. R. Lovell, Plaintiff, vs. The Board of County Commissioners of Yuma County, Colorado, Defendants.

"Demurrer to plaintiff's evidence:

"Come now the defendants herein, by their attorney, August Muntzing, and demur to plaintiff's evidence adduced in this case and say that plaintiff has not proved facts sufficient to recover judgment against these defendants herein.

"1st. Because it does not appear that defendants were in anywise parties to the action in which said services were rendered.

"2nd. Because it has not been proven that said services were rendered under or with any knowledge, or by any order or request of said defendants.

"3rd. The law under which said suits were commenced imposes no liability upon the defendants.

"4th. Said law is unconstitutional and void.

"5th. Said actions in which said processes were issued were brought by the People of the State of Colorado (if at all) for the benefit of the Military Poll Tax fund, and no such fund has been collected.

        "THE BOARD OF COUNTY COMMISSIONERS OF
            YUMA COUNTY, COLORADO, BY AUGUST
            MUNTZING, THEIR ATTORNEY.

"Filed in the office of the clerk of the District Court of Yuma County, this 29th day of April, 1891.

            "J. A. WILLIAMS, Clerk.

"Thereupon and after argument of counsel, the court overruled the demurrer to plaintiff's evidence. To which

ruling the defendants then and there and at all times properly and duly excepted.

"The Court then rendered judgment in the following words and figures, viz:

"STATE OF COLORADO, }  _ss._  In the District Court of Yuma  
    Yuma County.        }  County, Colo., April Term, 1891.

JUDGMENT.

"And now, on the 6th day of May, 1891, it being one of the regular days of the April, 1891, term of the district court of Yuma county, this cause comes on for trial and by agreement of counsel in the case the cause is submitted to the Court for trial. The Court, after hearing the evidence and argument of counsel, finds there is due from the above named defendants to the plaintiff herein, the sum of one hundred and forty-four and $\frac{75}{100}$ dollars ($144.75). The Court further finds that there is due said M. R. Lovell, plaintiff, from said defendants, interest on said $144.75 at 8 per cent per annum from Jan. 8th, 1891, until said sum is collected. And it is ordered and adjudged and decreed that the defendants herein pay all costs occasioned by the bringing and prosecution of the above entitled cause.

"To which judgment defendants then and there and at all times duly excepted. (See Marginal page, Bill of Exceptions 61-2.)

"Defendants prayed the Court for leave to appeal, and the Court granted the appeal and allowed sixty days in which to tender a bill of exceptions."

Mr. AUGUST MUNTZING and Mr. QUIT. BROWN, for appellant.

Mr. H. H. BARNES, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

This case is not properly presented for review in this court; the matters submitted are entirely insufficient both in form

and substance. The case was docketed here as an appeal; but no authenticated copy of the record of any judgment or decree has been lodged in the clerk's office of this court as the law requires. Code, sec. 389.

There is nothing presented or submitted to show that any appeal in this case was ever perfected. The original bill of exceptions is filed in this court; but it does not purport to contain all the proceedings in the lower court, nor all the evidence produced at the trial; nor is the bill of exceptions certified by the clerk or attested by the seal of the court; nor is there anything to show that it was ever filed in the lower court.

There is upon file in this court what purports to be a printed abstract of the record; but this cannot be relied upon to support the appeal. The *abstract* of the record, as its name implies, is to be *taken from* the duly authenticated copy of the record required to be lodged with the clerk of this court. The supposed abstract as printed and filed shows a ruling of the district court upon the demurrer to the evidence, and a finding in favor of Lovell against the commissioners; but it does not show any *final judgment* upon the merits of the controversy, and, hence, no judgment reviewable by an appellate court under our present practice, or enforceable in the court below except for costs in the particular prosecution against the commissioners by Lovell. As was said in *Alvord v. McGaughey*, 5 Colo. 246: "The findings of the court are no more a judgment than would be the verdict of a jury in a cause tried before a jury; and the statement in the bill of exceptions that a judgment was rendered cannot supply the place of the judgment itself."

In the present *status* of this case this court cannot undertake to determine an important constitutional question such as is supposed to be involved in the military poll tax penalty clause of the act of 1889. Fortunately, that clause was materially modified at the very next session of the legislature. See Session Laws, 1891, p. 343.

Under the circumstances, an order will be entered striking this case from the dockets of this court without costs to either party.

*Stricken from the Docket.*