Thomson, P. J.
We have before us something which we infer from the transcript and bill of exceptions, and from the argument of counsel, is intended as an appeal from a judgment rendered upon exceptions to the final report of A. H. Northrop, as receiver of the Great Western Mutual Association. Northrop appears to have been removed from the receivership, and the appellee Jenison appointed in his place. The transcript contains no authenticated copy of the record of the supposed judgment. There is in the bill of exceptions what purports to be a copy of a judgment in favor of Northrop for a less sum than he appears to have claimed. If such judgment was rendered, there could be no appeal from it by Northrop. An appeal lies only in favor of a party against whom a judgment has been rendered. Sutton v. Jones, 9 Colo. App. 86; Booth v. Water Co., 9 Colo. App. 495.
But it avails nothing to incorporate into the bill of exceptions the judgment entered, or any other matter which belongs to the record proper. The purpose of the bill is to preserve matters which otherwise are not part of the record. It is essential to an appeal that the appellant lodge in the appellate court an authenticated copy of the record of the judgment appealed from. Without such copy there is nothing before the court. Civil Code, sec. 389; Yuma Co. v. Lovell, 20 Colo. 80. A judicial record is authenticated by the certificate of the clerk or person having its legal custody, under the seal of the court. For the reason that there is no authenticated copy of the judgment here there is nothing for the court to act upon, and the case will be stricken from the docket.

Stricken from the docket.