[No. 5041.]
[No. 2605 C. A.]

O'Brophy and The Victor Gold Extraction Company v. The Era Gold Mining Company.

1. **Writ of Error—Record—Final Judgment.**

In an action against defendants to enjoin them from using a certain ditch, after making a temporary injunction perpetual, the court was adjourned, but on the following day the judge, by 'phone, instructed the clerk to modify such judgment. Thereafter plaintiff moved to restrain the clerk from entering the order as modified, which motion was denied, and plaintiff excepted and made application to this court for a writ of error to review the judgment, assigning as error the court's refusal to restrain the clerk from entering the modified judgment, and alleging that the order for modification was void because not rendered in open court. Defendant in error urges that the writ of error in this case does not run to a final judgment, and, therefore, this record cannot be reviewed. Held, that as the record contains all the proceedings and orders made in the case, including the judgment as originally rendered and as modified, there is presented for review the validity of a final judgment, to wit, the judgment as modified.—P. 257.

2. **Judgment—Correction of Same During Term.**

The court has power not only to correct, but to change its judgment during the term; and has power at any time to correct the record, making it speak the truth.—P. 258.

3. **Judgment—Judges—Acting Outside of Court.**

A judge has no authority to alter a judgment outside the court which was previously rendered in open court, and such an amended judgment is void and may be vacated at the same or any subsequent term.—P. 260.

*Error to the District Court of Teller County.*
*Hon. William P. Seeds, Judge.*

Action by The Era Gold Mining Company against Thomas O'Brophy and The Victor Gold Extraction Company. From a judgment in favor of plaintiff, defendant brings error. *Reversed, with directions to sustain defendant's motion to restore the entry of a modification of the judgment.*

Mr. James J. McFeely, for plaintiffs in error.

Mr. T. J. O'Donnell and Mr. Milton Smith, for defendants in error.

On September 25, 1899, The Era Gold Mining Company instituted this action in the district court of Teller county against the defendants, to enjoin them from using a certain ditch and from carrying water through the same across certain mining property belonging to the plaintiff. On the same day, a temporary injunction was granted in accordance with the prayer of the complaint. On the 14th day of October, 1899, defendants filed their answer and a motion to dissolve the injunction. Upon the hearing of the motion, the court made the following order:

"It is therefore ordered by the court that the injunction heretofore issued in this cause on September 25, A. D. 1899, be and the same is hereby modified in this, to wit: That said defendants, their agents, employees and assigns, be enjoined and restrained from using the said ditch, to wit, the O'Brophy Ditch, or allowing the water of Wilson creek to be conveyed through and along said ditch to the place where said water is to be used by said defendants, in any such manner as to interfere with the mining operations of the plaintiff."

On November 13, 1900, the cause was tried to the court, and taken under advisement, and after-

wards, and on January 4, 1901, the court made the following order:

"At this day, in open court, come said defendants by J. J. McFeely, Esq., their attorney. Thereupon, this cause having been heretofore submitted to the court upon the trial of the issue herein joined, and the court being now sufficiently advised in the premises, doth find and order that the temporary injunction heretofore issued herein, and as thereafter modified by order of this court, be, and the same is hereby made perpetual, and that said plaintiff have judgment for its costs in this behalf expended, and that judgment be entered herein in accordance with such finding, and that the same be recorded in the judgment book."

After the making of said order, Hon. E. C. Stimson, the trial judge, adjourned the court and returned to Colorado Springs on the evening of that day. On the following day, by telephone, he instructed the clerk to modify the judgment rendered on the 4th, to read as follows:

"Thereupon, this cause having been heretofore submitted to the court upon the trial of the issues herein joined, and the court being now sufficiently advised in the premises, doth find the issues herein joined in favor of said plaintiff and against said defendants.

"And orders that said defendants, their agents, servants and employees, be, and each of them is hereby enjoined and restrained from in any manner conducting water through their ditches or conduits over and across the Era lode mining claim, the property of plaintiff, or any part thereof, and that judgment in accordance with such finding be entered herein and for costs of suit, and the same be recorded in the judgment book."

On February 4, 1901, the defendants, by permission of the court, filed as of January 8, 1901, the following motion:

"Come now the defendants by their attorney, J. J. McFeely, and move the court to make an order to prevent the clerk of this court from inserting in the records of this case a pretended order received by the clerk of this court, by telephone from Colorado Springs, El Paso County, Colorado, from the Honorable E. C. Stimson, who, at the time, was one of the judges of the district court of this judicial district, for the following reasons, to wit: That heretofore, to wit, on January 4, A. D. 1901, in the district court of Teller County, Colorado, the said Hon. E. C. Stimson, who at the time was one of the judges of this district, did, in open court on said date, render his final judgment in said cause, the said cause having been tried before the said Judge Stimson at a former day of this term of court, to wit, November, 1900, which judgment was by the clerk of this court then and there entered into the minute book of said court, as he was required to do under the rules of this court, which minute book and order is hereby referred to and made a part of this motion. That said order above referred to, which the clerk of this court is about to insert in the records of this case, and which was received by him by telephone as aforesaid on the evening of January 5, 1901, and while the district court of Teller County was not in session, and neither of the judges of this district were in the county of Teller, and without the knowledge of defendants or their attorney, and without notice to them. Which order so received, if allowed to be entered, in the records, makes a distinct and different judgment from that rendered by this court on January 4, 1901, for the following reasons, to wit:

(1) That said pretended order so received by telephone is absolutely void and is not the judgment of this court. (2) Because said order or judgment was not rendered in open court. (3) Because the Hon. E. C. Stimson had no authority whatever, while in El Paso county, Colorado, to render a judgment in the district court of Teller county. (4) Because said order is void and of no force or effect whatever.

"J. J. McFEELY,

"Attorney for defendants."

In support of their said motion, defendants filed the following affidavits:

"James J. McFeely, being sworn, on oath says: That he is now and was on the dates hereinafter mentioned attorney for the above-named defendants, and further says that on January 4th, 1901, he was present in the district court of Teller county, at the court house, when said court was in session with the Hon. E. C. Stimson then and there presiding, when among other things the Hon. E. C. Stimson, the presiding judge in said court, rendered the following judgment in above cause, said judgment being in substance as follows:

" 'That the injunction as modified heretofore be made perpetual and the plaintiff to recover its costs from defendants in this behalf expended.' That thereupon this affiant asked said court if the defendants under that order would be permitted to use said ditch to run the water, providing he did not interfere with the mining operations of said plaintiff company, whereupon said court in answer to said question responded thus, 'Certainly.'

"Affiant further says that the entry of said judgment was at the time of the rendition of the same by said court made by the clerk of this court in the minute book kept for that purpose and so re-

mains in said book, and which entry so made by the clerk is hereby referred to and made part of this affidavit.

"Affiant further says that the entry of said January 7th, 1901, while in the clerk's office of said court, his attention was called to a memorandum pinned on the minute book of said court and over the judgment on said book, which memorandum is as follows:

" 'Defendant perpetually enjoined conducting water through the ditch across the Era claim.' This affiant was then and there informed by Mr. Gaylord, deputy clerk of this court, that said memorandum was received by him by telephone from Colorado Springs, El Paso county, Colorado, from the Hon. E. C. Stimson, and that said order was received the evening of January 5th, 1901.

"Affiant further sayeth not.

J. J. McFeely.

"Subscribed and sworn to before me this 8th day of January, 1901.

"A. W. Grant, Clerk Dist. Court.
(Seal)        "By W. E. Foley, Deputy."

"E. K. Gaylord, of lawful age, being first duly sworn, on his oath deposes and says:

"That he is and was on the 4th and 5th days of January, A. D. 1901, the duly authorized, appointed and acting deputy clerk of the Fourth Judicial District of the state of Colorado, within and for the county of Teller. That on the said fourth day of January, A. D. 1901, in open court, a certain judgment was rendered in cause No. 233, The Era Gold Mining Company, plaintiff, v. Thomas O'Brophy and The Victor Gold Extraction Company, defendants, which is shown in abbreviated minutes as they appear

upon page 119 of the minute book used by the clerk in making memoranda of orders and judgments rendered by the court. Affiant further says that the memoranda appearing upon said page in said cause No. 233 is correct memoranda of the order and judgment as then made and ordered to be entered by the court.

"Affiant further states that on the following day at three or four o'clock in the afternoon of January 5th, A. D. 1901, said affiant received a telephone message from Honorable Edward C. Stimson, who was then at Colorado Springs, Colorado, and in the course of the conversation had between said judge and affiant on said day, said judge ordered said affiant to change and alter the judgment theretofore rendered in open court in said cause No. 233, so that the memorandum thereof read as appears upon the slip pinned to the minute book opposite the memorandum made the previous day in open court in said cause No. 233.

"E. K. GAYLORD.

"Subscribed and sworn to before me this 8th day of January, A. D. 1901.

"KATE C. GUSTIN,

(Notarial seal)　　　　　　　"Notary Public."

And thereupon, the plaintiff, on the ruling of the court on the above motion, presented a counter-motion, asking that the court make a *nunc pro tunc* order as of January 4th, 1901, which motion is in words and figures as follows, to wit:

"Now comes the plaintiff by T. J. O'Donnell & Milton Smith and S. D. Crump, its attorneys, and moves the court that the record entry of the judgment and decree of this court made and entered in the above entitled cause on, to wit: the 4th day of January, A. D. 1901, be corrected so that the same

will speak the truth and correctly state the judgment and decree made in said cause on said date by said court, and as grounds for said motion says that the entry of judgment is not the judgment ordered to be entered by the judge of said court, but the same as entered was entered through mistake and inadvertence of the clerk and judge of said court.

"This motion is based upon the records and files of said court and cause and upon the affidavit of Edward C. Stimson filed herewith.

"MILTON SMITH,

"Attorney for Plaintiff."

Thereupon the plaintiff offered in evidence the affidavit of Hon. E. C. Stimson, which is as follows, to wit:

"Edward C. Stimson, being duly sworn, deposes and says:

"That he was one of the duly acting judges of the district court within and for said county of Teller, in the state aforesaid, and that as such judge he presided at the September term of said court held at Cripple Creek, in said county, during the month of September, 1900, other months, and January, 1901, which said term of court adjourned *sine die* on the second (2d) day·of February, A. D. 1901.

"That as the judge of said court on the 4th day of January, 1901, he rendered a judgment in the above entitled cause in favor of the plaintiff and directed that said judgment be entered by the clerk of said court.

"That in directing the entry of said judgment deponent did not have in mind the fact that the injunction issued in said cause had been modified so as to permit the defendant to use the ditch across the plaintiff's property during the pendency of the

action, and through mistake and inadvertence directed the clerk to enter a judgment making perpetual the temporary injunction issued in said cause and thereafter modified.

"That on the next day, to wit: on the 5th day of January, 1901, this deponent, while at Colorado Springs, Colorado, became aware that said judgment as entered upon the clerk's minutes was not the proper judgment in said cause and was not the judgment which he had actually intended to render in said cause, and thereafter on said day telephoned the clerk of said court instructing him to enter the judgment as the same had been rendered, perpetually restraining the defendant from using the ditch across the plaintiff's property, which was the subject-matter of said suit, and deponent says that the record of the judgment in said cause made by the clerk of said court under date of January 5th, 1901, is the judgment which deponent as judge of said court rendered in said cause on January 4, A. D. 1901; and further deponent saith not.

"EDWARD C. STIMSON.

"Subscribed and sworn to before me this 23d day of February, A. D. 1901.

"My commission expires——

"A. W. GRANT, Clerk. (Seal.)
"By W. E. FOLEY, Deputy."

Thereupon the court made the following order:

"At this day in open court come said parties by their attorneys respectively; thereupon this cause comes on to be heard upon the motion of said defendants herein to prevent the clerk of this court from entering in the records a certain order as modified on January 5th, 1901, by a telephone message from the Hon. Edward C. Stimson, at that time one

of the judges of this court; the same is argued by counsel and submitted to the court, and the court being sufficiently advised in the premises doth deny said motion, to which ruling of the court said defendant duly excepts.''

On the 1st day of March, 1901, the following proceedings were had:

"At this day in open court come said plaintiff by its attorney S. D. Crump, Esq., and said defendants by their attorney J. J. McFeely, Esq., and thereupon this cause coming on to be heard upon the motion of the plaintiff herein to have judgment entered as modified on January 5th, 1901, *nunc pro tunc* as of January 4th, 1901, the same is argued by counsel and submitted to the court, and the court being fully advised in the premises doth deny said motion, to which ruling of the court said plaintiff duly excepts.

"And it is ordered that time and until forty days from and after this day be and the same is hereby allowed said defendant within which to prepare and tender to the Hon. William P. Seeds, judge of said court, his bill of exceptions by him reserved herein, and when signed and sealed by said judge, shall be filed herein, as of this day.''

All the matters aforesaid occurring subsequent to the judgments are preserved by bill of exceptions and made a part of the record. The plaintiffs in error present the following assignment of errors:

"1.   The court erred in not restraining the clerk from entering the order received by telephone on January 5th.

"2.   The court erred in permitting the affidavit of former Judge E. C. Stimson to be read on the hearing of this motion, to explain his judgment or the judgment of the court of January 4th.

"3.   The so-called order of January 5th received by telephone from Colorado Springs is void and of no force, and should be expunged from the records in this case.

"4.   The court erred in overruling the motion to restrain the clerk from entering the telephone order of January 5th in the records of this case.

"5.   Because said order of January 5th was not rendered in open court.

"6.   Because the Hon. E. C. Stimson had no authority whatever while in El Paso county, Colorado, to render a judgment or order in the case that had been tried, and judgment rendered and entered in the district court of Teller county, Colorado.

"7.   Because the telephone order of January 5th, if allowed to remain in the record of this case, is in direct contradiction to the judgment rendered in open court on January 4th.

"8.   Because the judgment rendered in open court on January 4, A. D. 1901, should stand as the final judgment in this cause, until the same is reversed or modified according to law."

Mr. Justice Goddard delivered the opinion of the court:

It is insisted by counsel for defendant in error that this record does not present for review any of the rulings complained of by counsel for plaintiff in error for the reason, as it is claimed, that the writ of error does not run to a final judgment; and, assuming this to be true, the decision in *Schmidt v. Dreyer,* 21 Colo. 100, is relied on as conclusive of this proposition.   That case was an action in replevin.   A final judgment was rendered in favor of Dreyer at the November term, 1891, of the county court of Arapahoe county, which, by mistake of the clerk, was incorrectly entered.   On January 12, 1895, upon dis-

covery of this mistake, he applied for an order to
amend and correct the entry so as to make the record
express the judgment which was, in fact, pronounced
by the court.    The court heard the testimony and
made an order directing such correction to be made.
This court held that from the record presented it ap-
peared that the writ of error was taken to review
this order and not to the final judgment theretofore
rendered, and, for the reason that this essential statu-
tory requirement had not been complied with, dis-
missed the writ of error.

It will be observed that the record before us is
not objectionable for the reasons given in that case,
but contains all the proceedings had and all orders
made in the case, including the judgments of the 4th
and 5th of January, 1901, and all the proceedings had
in relation to the latter judgment subsequent there-
to, and by the errors assigned the validity of the
latter judgment is directly challenged, and the cor-
rectness of the ruling of the trial court in denying
the motion to restrain the clerk from entering the
same of record.

We think, therefore, the validity of what pur-
ports to be a final judgment, to wit, that of January
5, 1901, is properly presented for our consideration
and determination.

Counsel for defendant in error devote consider-
able space to the discussion of the power of a court
to amend or correct a judgment during the term at
which it was rendered.    We concede the rule to be
well settled that a court has power to not only cor-
rect, but also to change, its judgment during the
term, and has power at any time to correct the record
to make it speak the truth.    Suffice it to say that the
exercise of such a power is not involved in this case;
but the question presented is whether a judge is
vested with authority, acting outside the court, to

change or alter a judgment theretofore duly rendered
in open court. In other words, has he authority, by
telephone or otherwise, to render a judgment when
not present in court? As was said in *Cooper v.
Amer. Central Ins. Co.*, 3 Colo. 318: "A judgment
is the sentence of the law pronounced by a court of
competent jurisdiction, as the result of proceedings
instituted. It is a judicial act, and to be valid must
be pronounced by the *court*, at a time and place ap-
pointed by law, and in the form it requires." It is
clearly shown by the affidavits of Mr. McFeely and
Mr. Gaylord, and also Judge Stimson admits in his
affidavit, that, as a matter of fact, the judgment was
pronounced in open cour'           ` day of January,
A. D. 1901, as shown in          _utes of the clerk, to
wit, "That the injunction as modified heretofore be
made perpetual." Judge Stimson further states that
he did not at the time he rendered the judgment have
in mind the fact that the injunction, as originally
issued, had been modified, and through an inadvert-
ence he directed the clerk to enter the judgment mak-
ing the temporary injunction as modified perpetual.
That on the next day, to wit, the 5th day of January,
1901, while at Colorado Springs, he became aware
that said judgment as entered upon the clerk's min-
utes was not the proper judgment in said cause, and
was not the judgment which he had actually intended
to render in said cause. But nevertheless he did pro-
nounce the judgment so entered, and it became then
and there the judgment of the court. As was said in
*Schuster v. Rader*, 13 Colo. 329, 334:

"The judgment having been so pronounced in
open court, the act of entering the same in the record
by the clerk was purely ministerial, and was not
essential to the existence of the judgment so ren-
dered, though the entry was necessary to preserve
it, and, as a matter of proof, was the best evidence

of its existence. The judgment derived its force and effect from the fact that it had been so considered, adjudged and decreed by the court; and it became effective from the time of such adjudication and promulgation in open court, though the ministerial act of entering the same in the records of the court might be delayed.''

The judge was, therefore, without authority, while the court was not in session, to direct the clerk to enter another or different judgment in conformity with an unexpressed intention he may have had in mind at the time the former judgment was rendered. The judgment, therefore, as entered of the 5th of January, 1901, is void, and may be vacated at the same or subsequent term.—1 Black on Judgments, secs. 318, 326; Current Law; vol. 4, p. 300 and cases cited in notes 96 and 97.

''The court will always, upon motion, strike from its record a judgment void for irregularity.''—*Williamson v. Hartman*, 92 N. Car. 236.

And in this state such a judgment may be reviewed on error.—*Hoehne v. Trugillo*, 1 Colo. 161; *Skinner v. Beshoar*, 2 Colo. 383; *Cooper et al. v. Am. Cent. Ins. Co.*, 3 Colo. 318; *Bean v. The People*, 6 Colo. 98.

The plaintiffs in error were entitled to the relief sought, and the court below erred in denying their motion to restrain the clerk from entering the judgment of January 5, 1901, and its ruling thereon is reversed, and it is ordered that the court below sustain said motion, and in case said order shall have been entered, that the same be declared void, and expunged from the records.

*Reversed.*

Chief Justice Gabbert and Mr. Justice Bailey concur.