[No. 5877.]

## McKnight v. Ballif.

**1. Judgments—Record—Formality Required** — The findings of the court are not a judgment. An entry which, after reciting a trial and a finding for the plaintiff for $125, followed by the words "A judgment in the sum of $125 and costs was rendered in favor of plaintiffs against defendants," is a mere declaration of the clerk, and not a judgment.—(140)

**2. Indemnity Bond** — A bond given to the sheriff reciting a levy made at the instance of the principal in the bond, conditioned to save him harmless "from all harm, trouble, damages, costs, suits, actions, judgments and executions that may, at any time, arise or be brought against him" by reason of the levy, renders the sureties liable for a judgment recovered against the sheriff by a third party, based upon the levy.—(141)

*Appeal from Denver District Court* — Hon. FRANK T. JOHNSON, Judge.

Mr. RICHARD McKNIGHT, *pro se.*

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, Ballif, as plaintiff, commenced an action against the appellant McKnight, to recover from the latter upon an indemnifying bond executed by him to plaintiff, who was then sheriff of Summit county. In his complaint he alleged, in substance, so far as necessary to consider, that there was placed in his hands an execution in favor of the St. Charles Evaporated Cream Company and against one Barnabas Huber, whereby he was commanded to collect of the latter the amount of a judgment and costs, in favor of the company; that he then had in his hands certain moneys claimed to belong to Huber, and was directed by the company to levy upon this money. For the purpose of protecting him, the company executed an indemnifying bond conditioned to hold him harmless in case he suffered any injury by reason of applying the money on the execution; that the defendant, McKnight, signed this bond as surety; that in consideration of the bond he levied upon and applied the money to the satisfaction of the execution; that thereafter the Breckenridge Mercantile Company brought an action against him for the conversion of the money so levied upon, and recovered judgment in the sum of $125.00 and costs, which he was compelled to pay. To this complaint the defendant, McKnight, answered, denying that a judgment had been obtained against the plaintiff as alleged in his complaint; and also denied the execution of the bond. The trial of the case resulted in a judgment in favor of the plaintiff, from which the defendant appeals.

Over the objection of the defendant the following, purporting to be a copy of the judgment of the *Breckenridge Mercantile Company v. Ballif et al.*, was received:

"At this day came the parties by their attorneys respectively, and a jury being waived by both parties, in open court, the case came on for trial by the court. Thereupon came the hearing of the evidence and arguments of the counsel, and the court being fully advised in the premises, doth find for the plaintiff, and judgment in the sum of one hundred and twenty-five dollars and costs was rendered in favor of the plaintiff and against the defendants, A. Ballif, J. H. Ryan, J. W. Dowd, W. J. Lusher, and let execution issue therefor."

To this was appended a certificate of the clerk of the district court of Summit county, to the effect that the foregoing was a true, perfect and complete copy of the judgment entered in the case of the *Breckenridge Mercantile Company v. Ballif et al.*

No other record evidence of the judgment mentioned in the complaint was offered.

In cases of the character under consideration a judgment is a judicial act. It is what is considered and ordered by the court.—*Cooper v. American Central Ins. Co.,* 3 Colo. 318; *Gaynor v. Clements,* 16 Colo. 209; *Kindel v. Beck & Pauli Lith. Co.,* 19 Colo. 310.

From the copy of the record under consideration it appears that the issues were found in favor of the plaintiff, but it does not appear that the court upon this finding directed a judgment in his favor. The findings of a court do not constitute a judgment, and a statement that a judgment was rendered cannot supply the place of the judgment itself.—*Hoehne v. Trujillo,* 1 Colo. 161; *Alvord v. McGaughey,* 5 Colo. 244; *Gomer v. Chaffee,* 5 Colo. 383; *Bd. Co. Commrs. v. Lowell,* 20 Colo. 80; *Faulk v. Kellums,* 54 Ill. 188; *Martin v. Barnhardt,* 39 Ill. 9; *Wheeler v. Scott,* 3 Wis. 362.

The clerk asserts that a judgment was rendered in favor of the plaintiff and against the defendants, but it does not appear from the record, as certified, that he has recorded any judgment or proceeding of the court as such.

It is contended by counsel for defendant that the judgment claimed to have been obtained by the Breckenridge Mercantile Company against the plaintiff could not be proven by merely introducing a copy of the record of such judgment, but that in addition, the pleadings and process in the case were necessary. In view of the fact that it appears there was no proof of any judgment having been obtained against the plaintiff, this question is immaterial.

It is also contended on behalf of defendant that by the terms of the bond, he was not liable for any damages resulting to the plaintiff from any action by the Breckenridge Mercantile Company. This contention is based upon the ground that, according to the terms of the bond, the defendant was simply bound to indemnify the sheriff from any action on the part of the execution defendant, Huber. The bond will not permit of so narrow a construction. It was conditioned to save the sheriff from all harm, trouble, damages, costs, suits, actions, judgments and executions that might at any time arise, or be brought against the sheriff because of a levy upon the money in his hands which he was directed to apply upon the execution mentioned therein.

For the reason that the testimony failed to establish that any judgment had ever been recovered against the plaintiff, the judgment of the district court is reversed and the cause remanded for a new trial.                *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Hill concur.