[No. 1295, August 22, 1910.]

TERRITORY OF NEW MEXICO, Appellee, v. JUAN BARELA, Appellant.

### SYLLABUS (BY THE COURT.)

A term of a District Court in this Territory, begun and held by any judge, as required by law, for a county in the district, continues in existence until the day fixed by law for the beginning of another term of that court for the same county, unless sooner adjourned without day, although another term of the same court for another county has been held, as required by law, in the meantime, by the same or another judge.

Territory v. Barela.

Appeal from the District Court for Dona Ana County before FRANK W. PARKER, Associate Justice. Affirmed.

LLEWELLYN & LLEWELLYN for Appellant.

The court was without jurisdiction. C. L. 1884, sec. 543; Laws 1891, ch. 19; Laws 1893, ch. 34; Laws 1895, ch. 17; C. L. 1897, secs. 908, 909, 910, 911; Laws 1905, ch. 89; C. L. 1897, sec. 905; Borrego v. Territory, 8 N. M. 446; Freeman on Judgments, 4 ed., secs. 90, 121; Territory v. Armijo, N. M., 89 Pac. 67; Cooper v. Am. Central Ins. Co., 3 Colo. 318; State v. Williams, 48 Ark. 227; ex parte Jones, 49 Ark. 110; ex parte Williams, 60 Ark. 457, 65 S. W. 711; Parker v. Sanders, 46 Ark. 229; Batten v. State, 80 Ind. 394; in re Millington, 24 Kan. 214; Grable v. State, 2 G. Greene 559; Bates v. Gage, 40 Cal. 183; Smith v. Chester, 1 Cal. 409; Domingues v. Domingues, 4 Cal. 186; Norwood v. Kenfield, 35 Cal. 329; Blake v. Harlan, 75 Ala. 205; State v. McBain, 102 Wis. 431, 78 N. W. 602; Cooper v. Granger, 108 N. W. 193; Roberts Schafer Co. v. Jones, Ark., 101 S. W. 165.

Press of business does not incapacitate a judge so as to authorize the calling in of another judge. C. L. 1897, sec. 882; in re Bignolds Settlement Trusts, 26 L. T. Rep. N. S. 176; in re Munger, 41 Sup. N. Y. 882; State v. Williams, 48 Ark. 227, 2 S. W. 843; People v. O'Neil, 47 Cal. 109; Caldwell v. Barrett, 71 Ark. 310, 74 S. W. 748; C. L. 1897, sec. 905; Rev. St. 1887, sec. 1865; in re Millington, 24 Kan. 214.

A judgment rendered or proceedings had at a time not appointed by any law for the holding of the court is void for the want of jurisdiction. Kidd v. Burke, 142 Ala. 625, 38 Southern 241; McMillan v. City of Galsden, 39 Southern 569; Ins. Co. v. Pappe, 4 Okl. 110, 43 Pac. 105; Cooper v. Am. Cen. Ins. Co., 3 Colo. 318; Bates v. Gage, 40 Cal. 183; Meyers v. East Bench Ins. Co., Utah, 89 Pac. 1005; Davidsburg v. Knickerbocker Ins. Co., 90 N. Y. 526; Olds Wagon Works v. Benedict, C. L. A., 67 Fed. 1; Cyc. Page 673; Note 44 and cases cited.

FRANK W. CLANCY, Attorney General, for Appellee.

Each county in New Mexico has a separate, independent District Court. Organic Act, sec. 10.

The statutes disclose a legislative intent not to limit the duration of the terms of court. Laws of 1855, pp. 19, 21; Laws of 1859, p. 62; Laws 1860, p. 86; Laws of 1861, p. 96; Laws of 1863, p. 92; Compiled Laws of 1865, p. 112; Laws of 1866, p. 154; Laws of 1868, p. 88; Laws of 1869, chapter 8, sec. 6, chapter 24, sec. 13; Laws of 1874, p. 48; Laws of 1876, p. 37; Laws of 1878, p. 59; Laws of 1880, p. 63; Prince's Laws, p. 71; Laws of 1895, p. 51; Laws of 1897, pp. 15, 88; Laws of 1899, p. 26; Laws of 1901, pp. 30, 134; Laws of 1903, pp. 16, 131, 135; Laws of 1905, pp. 11, 44, 65, 204, 355, 367; Laws of 1907, pp. 67, 104; Laws of 1909, pp. 1, 245, 327.

The beginning of a term of court in one county of a district, does not necessarily end the term immediately preceding, in another county of the same district. White v. Brown, 38 S. W. 335, Ind. Terr.; King v. Sears, 91 Ga. 577; Stirling v. Wagner, 4 Wyo. 5; in re MacDonald, 4 Wyo. 150; State v. Leahy, 1 Wis. 259; Florida v. Phosphate Co., 70 Fed. 885; Gonzales v. Cunningham, 164 U. S. 626; Borrego v. Territory, 8 N. M. 446; Gonzales v. Cunningham, 164 U. S. 612; Territory v. Netherlin, 85 Pac. Rep. 1044; Territory v. Armijo, 14 N. M. 210.

## STATEMENT OF THE CASE.

The appellant was convicted of murder in Dona Ana County, in the Third Judicial District, May 15, 1909.

After verdict and before sentence a motion in arrest of judgment was made on the ground that the term of court begun for said county as provided by law, April 5, 1909, expired by limitation of law, May 3, 1909, on which date, according to the provisions of Chapter 95, Session Laws of 1905, a term of court was to begin in Sierra County in said district. A term did in fact begin there, with another Associate Justice presiding by request of the District Judge. The appellant claims that thereby the term of court in Dona Ana County ended and his trial was a nullity. The motion in arrest of judgment was overruled and the

defendant was sentenced. From that action of the District Court he appealed to this court.

OPINION OF THE COURT.

ABBOTT, J.—In his exhaustive brief for the Territory, the Attorney General maintains that there are two kinds of District Courts in this Territory: one, the District Courts established directly by Congress, whose districts embrace several counties each; and the other kind, created by Territorial Statutes, each of which is a court for a specific county and not for any other county and that there is a District Court of Dona Ana County wholly distinct from the District Court of Sierra County.

If this contention is correct and the reasoning in support of it is strong, the appellant is left wholly without standing ground. But even if it be granted that the court which assumed to try the appellant was the court of the Third District, sitting for the trial of causes in Dona Ana County, there remains to bar the appellant's way to a new trial, the recent decision of this court in Territory v. Armijo, 14 N. M. 210, in which practically the same question now raised was decided adversely to the appellant's position and in which the court said: "The beginning of the term is fixed by law for each county. Its end comes only by the adjournment, or by the arrival of the date designated by law for the beginning of another term of the same court, *for the same county.*"

That decision was based largely on Territory v. Borrego, 8 N. M. 446, in which it was held in effect, that merely constructive interference of one term with another does not terminate the existence of either, or render anything invalid done by the court at the term in progress, after the time for a term in another county of the district arrives.

That decision was upheld in Gonzales v. Cunningham, 164 U. S. 626, in which the court said: "There was nothing in any of these provisions which controlled the discretion of the trial judge, in continuing any special term he may have been holding until a pending case was concluded, and nothing which operated to invalidate the proceedings of such special term because prolonged beyond the day fixed

for a regular term. Jurisdiction did not depend on the stroke of the clock."

While these decisions are practically controlling on this court, we do not wish to ignore the decisions of other courts on the same or similar questions which have been brought to our attention. The case of Cooper v. Ins. Co., 3 Colo. 318, cited by the appellant, while it arose in a court similar to the District Courts of this Territory, was apparently decided by the State Court after the Territorial Courts had gone out of existence and their powers had mainly ceased to be matters of present interest there.

An examination of the opinion in the case shows that the ground of the decision was not that on which the appellant here stands, and, indeed, the court did little more than declare that the fixing of a date by law, for the beginning of a term in one county of a district, by implication, fixed the end of any term in progress in another county of the same district.

That view is very conclusively disposed of in Gonzales v. Cunningham, *supra.*

The question has been ably and exhaustively treated in Sterling v. Wagner, 4 Wyo. 5, followed by in re Mac-Donald, 4 Wyo. 150, where the court reached the same conclusion which this court arrived at in Territory v. Armijo, *supra,* the distinction being that, in the cases relied on for the opposite view, the time for the end of the term of court, as well as for the beginning, was fixed by law, which was not the case in Wyoming, and is not so here in New Mexico.

In Montana, when it was a territory and had a system of courts like ours, a case undistinguishable from that at bar arose, Carland v. Commissioners of Custer County, 5 Montana 579-599. In that territory the time for the beginning of a term was fixed under the law by order of the judges, but no time was set for the end of a term. As in the case at bar, a term of court was in progress in each of two counties in a district at the same time, the judge of the district holding the one in which the case cited was tried.

The court, speaking by Galbraith, J., said he "knew

of no law, and there is no order of the Supreme Court of this Territory, fixing the time when a term court shall terminate. But, however this may be, if the proceedings of either court were invalid, it would be those of Choteau County and not those of Curtis County where the judge of the third district presided.

"By holding the court in Curtis County, the judge of the Third Judicial District will be presumed to have elected to hold that court," referring to Wells on Juris. of Courts, Section 134.

We see no reason to depart from the decision in Territory v. Armijo, *supra*, and the judgment of the trial court is affirmed.