[Civil No. 1625.   Filed July 19, 1918.]

[174 Pac. 1027.]

## HENRY W. ETZ, GEORGE ETZ and MAX TREU, Appellants, v. S. W. JARVIS and JOHN McGUIRE, Appellees.

APPEAL AND ERROR—RECORD—DISMISSAL —Where an appeal is taken under the provisions of subdivision 1, paragraph 1227 of the Code of 1913, from a judgment only, and the final judgment is not among the papers transmitted to the appellate court, nor is there any copy of the final judgment in the abstract of record, nor any minute entry that might inform the court as to the contents of the final judgment, there is nothing before the court to consider, and the appeal will be dismissed.

APPEAL from a judgment of the Superior Court of the county of Cochise. W. A. O'Connor, Judge. Appeal dismissed.

Mr. O. Gibson, for Appellants.

Mr. A. A. Worsley, for Appellees.

CROSBY, Superior Judge.—This is an appeal from an action in ejectment, avowedly brought only for the purpose of determining boundary lines between some farming lands near Benson. The case was tried to a jury and a verdict found, favorable to the defendants who are the appellees in this court.

The plaintiffs and appellants have appealed from the judgment rendered in the *nisi prius* court.

Under subdivision 1, paragraph 1227 of the Code of 1913, the right to appeal from a judgment is given. Under subdivision 2 of the same paragraph, a party has a right to appeal from an order granting or refusing a new trial. But in this case the appellants appeal from the judgment only. Yet, in the *praecipe* of the appellants stating what papers were to be sent up to this court, there was no request that the final judgment be sent up to this court. The final judgment is not included among the papers transmitted, nor is there any copy of the final judgment in the abstract of the record, nor any entry in the minutes that might take the place of or inform us as to the contents of the final judgment.

There is one short minute entry that states that the court granted a motion for judgment in accordance with the jury's verdict, but it is evident that that is entirely insufficient.

The supreme court of Colorado, in *Northrup* v. *Jenison,* 56 Pac. 187, well says: "It is essential to an appeal that the appellant lodge in the Appellate Court an authenticated copy of the record of the judgment appealed from. Without such copy there is nothing before the court." See also *Board of County Commrs.* v. *Lovell,* 20 Colo. 80, 36 Pac. 878, and *Alvord* v. *McGaughey,* 5 Colo. 244.

With this condition of the record there is nothing before us to consider. An inspection of the transcript shows that substantial justice will be meted out by a judgment in accordance with the verdict of the jury. The appeal is ordered dismissed.

FRANKLIN, C. J., and ROSS, J., concur.